(98 South. 285)

## MITCHELL v. STATE. (1 Div. 277.)

(Supreme Court of Alabama. Dec. 13, 1923.)

**1. Homicide ⚖=180—Evidence of defendant's drunkenness "immediately" preceding murder admissible to determine intent.**

In a murder prosecution, defendant's offer to prove that he was drunk continuously for two or more weeks immediately preceding the murder was admissible to shed light on his mental condition and help determine intent, as "immediately" meant instantly and without interval.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Immediately.]

**2. Homicide ⚖=307(2)—Duty of court to instruct as to degrees of murder is mandatory under statute.**

Code 1907, § 7087, requiring the jury to ascertain by their verdict whether one convicted of murder is guilty of the first or second degree, imposes a mandatory duty on the court to instruct the jury orally as to the different and distinguishing elements of each degree.

**3. Criminal law ⚖=1056(2)—Failure to except to oral charge, or to refusal of requested charge, held to prevent reversal.**

In view of section 5364, Code 1907, as amended by Gen. Acts 1915, p. 815, a failure to except to an oral charge in which the court neglected to define the elements of murder in the second degree, or to the court's refusal to charge the jury orally on the different degrees of murder, when requested by the defendant, precluded reversal, though this neglect or refusal of the court was erroneous, under section 7087, Code 1907.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Alex Mitchell was convicted of murder in the first degree, and appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It is necessary for defendant to show, not only that he was drunk, but that he was incapable of entertaining the intent essential to the commission of the offense. White v. State, 103 Ala. 72, 16 South. 63. The bill of exceptions does not set out all the evidence, and it cannot be said there was evidence requiring the court to define degrees of homicide less than murder in the first degree. May v. State, 209 Ala. 72, 95 South. 279; Houston v. State, 208 Ala. 660, 95 South. 145; Cofield v. State, 18 Ala. App. 12, 88 South. 353. The oral charge not being set out in the record, refused charges cannot be reviewed. Acts 1915, p. 815; Lasby v. State, 16 Ala. App. 479, 79 South. 153.

MILLER, J. Alex Mitchell, alias Shrimp Tail, was indicted, tried, and convicted of murder in the first degree. His punishment was fixed at death by the jury.

[1] The defendant offered to prove by a witness that he (defendant) "had been drunk continuously for two weeks or more next immediately preceding the commission of the offense for which he was being tried." The objection of the state to this evidence was sustained by the court, and the defendant duly excepted. The bill of exceptions does not set out the evidence or its substance. It makes no statement of the evidence. "Immediately" means without interval of time, instantly, as here used. Instantly, without interval of time, immediately before the offense was committed, the defendant was drunk continuously for two weeks. This evidence would shed light on his mental condition at the time of the commission of the offense. This evidence was relevant and competent to go to the jury, to be considered by them in determining the question of intent. This ruling of the court was error. This court, in Chatham v. State, 92 Ala. 47, 9 South. 607, stated:

"The decided weight of authority sustains the doctrine that evidence of the condition of the accused, although caused by voluntary drunkenness, is receivable, and may be considered by the jury in determining the question of intent."

See, also, King v. State, 90 Ala. 612, h. n. 3, 8 South. 856.

[2, 3] After the court orally charged the jury as to "what constituted murder in the first degree," and before the jury retired, the defendant requested the court "to charge the jury on the degrees of murder less than first degree, * * * which the judge presiding refused to do." The court should have complied with this request of the defendant. The court should have so charged the jury without any request from the defendant. The statute (section 7087, Code 1907), makes it the duty of the jury to ascertain by their verdict whether it is murder in the first or second degree, if the defendant under the indictment and evidence is found guilty of murder. It was the duty of the court—mandatory duty of the court—to instruct the jury orally as to the different and distinguishing elements of each degree of murder. Without such instructions from the court, the jury could not intelligently comply with their statutory duty. This right of the defendant to have the jury so charged by the court was valuable. The duty resting on the court to so charge the jury is imperative. The error committed by the court in refusing to do so is manifest. Section 7087, Code 1907; Brown v. State, 109 Ala. 70, 20 South. 103; De Bardelaben v. State, 205 Ala. 658, 88 South. 827; Warren v. State, 197 Ala. 313, 72 South. 624.

We cannot review the court and reverse

this judgment of conviction for this clear error, because the defendant reserved no exception to the oral charge of the court, in which it neglected to define the elements of murder in the second degree to the jury, and the defendant reserved no exception to the refusal of the court to comply with his request in that respect. An exception by the defendant to this oral charge of the court was necessary for us to declare the error and reverse the judgment. Sections 7087 and 5364, Code 1907, as amended Gen. Acts 1915, p. 815; McPherson v. State, 198 Ala. 5, h. n. 3, 4, 73 South. 387; Day v. State, 199 Ala. 278, 74 South. 352; Montgomery v. State, 204 Ala. 389, 85 South. 785.

For the error mentioned on evidence, to which ruling of the court the defendant reserved the exception, this judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

GARDNER, J., concurs in result.