23 So.2d 22

## GILBERT v. STATE.

### 7 Div. 842.

Court of Appeals of Alabama.

Aug. 7, 1945.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Unattended by counsel, this appellant was put to trial upon an indictment which charged her, and another, with the offense of miscegenation, which under the law is a felony.

The defendant being without counsel there were of course no exceptions re-

served pending the main trial, and in brief of Attorney General it is insisted "Since there were no objections made, and exceptions taken, during the trial of this case, the record presents nothing for review." And in support of said insistence cites Woodson v. State, 170 Ala. 87, 54 So. 191.

The above insistence is untenable and cannot be sustained for in the case at bar a motion for a new trial was made in due time and presented to the trial court. Said motion was based upon twelve separate and distinct grounds. After several continuances of the motion, the record discloses it was finally heard and considered on the 13th day of November 1944, and upon that date the court entered the following order and judgment: "And now on this the 13 day of November, 1944, came the State by its Solicitor, and the Defendant by his attorney, into open Court and each side having offered proof on said motion, said motion was argued, and submitted to the Court by the parties thereto, and said motion having been duly considered by the Court, it is considered by, and it is the judgment of the Court that said motion be, and the same is hereby overruled and denied, to which action of the Court the Defendant reserves an exception."

This appellant is a married woman living with her husband and their six children. The only testimony in this case as to sexual intercourse between the named parties was that of this appellant, defendant below. She testified in her own behalf and stated that the codefendant had intercourse with her only one time and said "He overpowered me and held me and told me he would kill me if I told it." This she reiterated and maintained throughout the trial. The codefendant denied he had ever had intercourse with this appellant. There was no evidence tending to show that she ever consented to the act, nor was there any testimony from which it could be inferred that the named parties were living in adultery intending to continue that relation.

In the case of Jones v. State, 156 Ala. 175, 47 So. 100, 101, the court said: "With the exception of the racial feature, the constituent elements of the offense are the same as in ordinary cases of adultery and fornication. The voluntary sexual intercourse by the man and woman with each other 'is not the offense, but an element or constituent of the offense, the statute renders indictable. As has been often explained, the statute is directed against a state or condition of cohabitation the parties intend to continue so long as they may choose, as distinguished from a single or occasional act of illicit sexual intercourse.'"

In Mitchell v. State, 210 Ala. 457, 98 So. 285, the court said: "It was the duty of the court—mandatory duty of the court—to instruct the jury orally as to the different and distinguishing elements of [the offense.] Without such instructions from the court, the jury could not intelligently comply with their statutory duty. This right of the defendant to have the jury so charged by the court was valuable. The duty resting on the court to so charge the jury is imperative. The error committed by the court in refusing to do so is manifest."

Counsel for appellant, among other things, presents the following argument which we regard as being specially pertinent, to-wit:

"Mrs. Gilbert's testimony was clear and to the point that she had been forced by her co-defendant into the one act of sexual intercourse. The co-defendant denied any sexual intercourse at all. Even if it be conceded that there was evidence from which the jury might infer a violation of the statute upon which the indictment is based, yet it is likewise true that the court did not charge at all upon the real elements of the offense.

"If appellant's testimony should be true, and believed by the jury to be so, there could not have been a conviction. However the jury did not know, and were not informed by the court to that effect. The jury evidently thought that even if the testimony of appellant was true, still they were under the duty to convict.

"If the court had charged the jury that one act of sexual intercourse under the facts delineated by appellant, or even by consent, was not in violation by the statute and that a living together in adultery was necessary, as has so many times set forth in the decisions of our courts, then the jury would have had the issue fairly and squarely before it.

"This defect in the oral charge of the court was pointed out clearly and specifically in motion for new trial, and we earnestly insist that the trial court erred in overruling said motion."

We are clear to the conclusion that numerous grounds of the motion for a new

trial were well taken and that error prevailed in the action of the court in overruling same.

Our courts of justice are not to be the medium of injustice or oppression. It has been well said by our Supreme Court: "The guilty, as well as the innocent, have a right to be tried in accordance with the law of the land. The innocent ought not to be punished, and the law does not intend or provide that they shall be punished; and as to the guilty, the law provides that such shall not be punished except in the mode and manner provided by the law." Patterson v. State, 202 Ala. 65, 79 So. 459, 462.

Reversed and remanded.