319 So.2d 721

Thomas **EASLEY**

v.

**STATE.**

8 Div. 648.

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Nancy S. Gaines, Huntsville, for appellant.

William J. Baxley, Atty. Gen., and Randolph P. Reaves, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted for violating the Alabama Uniform Controlled Substances Act and sentenced to a term of six years and six months in the penitentiary. Prior to arraignment appellant was found to be indigent and counsel was appointed to represent him. He pleaded not guilty. He was furnished a free transcript and new counsel was appointed to represent him on this appeal.

The grand jury of Madison County returned a two count indictment against appellant which, omitting the formal parts, reads as follows:

"The Grand Jury of said County charge, that before the finding of this indictment, Steve Emig, Don O'Clare, Thomas Easley and Clausa Bundtrock, whose names respectively are unknown to the Grand Jury other than as stated, did unlawfully possess a controlled substance as listed in the Alabama Uniform Controlled Substances Act of 1971, subsequent to the passage of said Act, to-wit: Ten thousand five hundred fifteen (10,515) tablets containing Lysergic Acid Diethylamide, against the peace and dignity of the State of Alabama.

COUNT TWO: The Grand Jury of said County further charge, that before the finding of this indictment, Steve Emig, Don O'Clare, Thomas Easley and Clausa Bundtrock, whose names respectively are unknown to the Grand Jury other than as stated, did unlawfully sell, furnish or give away a controlled substance as listed in the Alabama Uniform Controlled Substances Act of 1971, subsequent to the passage of said Act, to-wit: Ten thousand, five hundred fifteen (10,515) tablets containing Lysergic Acid Diethyl-

amide, against the peace and dignity of the State of Alabama."

The evidence for the state is uncontradicted. Appellant did not testify and offered no testimony in his behalf.

Mr. Floyd M. Pirtle was employed by the Huntsville Police Department as an undercover agent using the assumed name of Allen Welsh. He lived in Huntsville but established an address at Route Lynchburg, Tennessee. He testified that he first met appellant on August 14, 1974, at a house located at 2108 Shady Lane in Huntsville and was taken to this house by a Don O'Clare around 8:15 p. m. on that date.

Upon entering the house he saw two males and one female in the front room, one of whom he later learned to be Richard Judnik from Detroit. This witness and O'Clare then entered a bedroom where one Steve Emig was. Appellant came in shortly afterwards. Officer Pirtle stated that at that time, "Mr. Emig asked did I have the money for the LSD. I told him I did and Mr. Easley had a metal box and said he had the stuff if I had the money." That appellant produced a large plastic bag containing five smaller bags with pills or tablets. Appellant left the room and returned in a few minutes with five more bags containing approximately the same number of tablets. Officer Pirtle produced $5,000.00 and gave it directly to appellant in payment of the ten bags and he saw appellant put the money in his pocket at that time. The officer asked for a larger bag and he put the ten bags in the one large bag and left the house. Outside the house he had a conversation with O'Clare and went back in the house to buy some different type pills. Upon re-entering the house he saw appellant give a portion of the $5,000.00 to Richard Judnik from Detroit, Michigan.

Officer Pirtle further testified that he went back outside and O'Clare and appellant drove him to his car. During this trip appellant voluntarily told the officer that

"he could get a quantity of LSD, 40,000 hits, and said if I had the contacts and could come up with the money, he could get me large quantities of heroin, cocaine or marihuana." He said this statement was made within five or ten minutes after they left the house. Appellant's attorney moved that this testimony be stricken as not being material or relevant to the case and he further moved for a mistrial. Both motions were overruled and denied.

The officer further testified that when he reached his car, he had the large bag containing the ten plastic bags of pills in his hand and was met by two other officers. He carried the bag to the Narcotics Unit office and sealed the bag in a large manila envelope and put his initials on the seal and gave the envelope to Officer Jerry Wheeler of the Huntsville Police Department.

This witness stated the next time he saw appellant was about ten days later. He went back to the house where the meeting and drug transaction took place. He said appellant fled but later that night he found him in an automobile at the Haystack Apartments in Huntsville. He told appellant to get out of the car and that he was under arrest for possession and sale of LSD. At this time he gave him his constitutional rights by reading to him from a "Miranda" warning card. After reading the "Miranda" card, appellant told the officer that he understood his rights.

Mr. Jerry Wheeler testified that he was an officer of the City of Huntsville Police Department and was assigned to the Criminal Intelligence Unit dealing with narcotics. That in the performance of his duties he took charge of all drugs purchased by agents. He further testified that he received the drugs purchased by Officer Pirtle and placed the sealed manila envelope in a metal box with a lock and carried it home with him and turned it in the next morning to the State Toxicologist office. He said he kept possession and control of the box containing the drugs and personally delivered it to Dr. Van Pruitt the following morning. He stated that when he delivered it to the Toxicologist, he was present when the number "C 108 117" was placed on it.

Mr. Allen Adair testified that he was employed by the Alabama State Department of Toxicology and Criminal Investigation, Huntsville Division. He stated he was employed as a drug analyst and recited his educational background and his qualifications for that work. He said he had been with the Department of Toxicology for over three years and had vast experience with drugs, including LSD. He identified State's Exhibit 1 as an envelope he received from Dr. Van Pruitt on the morning of August 19, 1974, numbered C 108 117. He testified that it contained a large plastic bag containing ten small plastic bags, each of these containing approximately 1,000 purple tablets. That he analyzed the pills by taking a random sample from all ten bags before running his analysis and that he analyzed two hundred tablets in all. He stated that he ran four separate tests on the tablets and that in his opinion the tablets contained lysergic acid diethylamide commonly known as LSD. He testified that while none of the four separate tests were conclusive when considered alone, that together they were conclusive. The tablets were admitted into evidence and the state rested.

Appellant moved to exclude the state's evidence on the ground that a sufficient chain of custody had not been shown. The court overruled this motion.

There was no motion for a new trial; there was no request for the affirmative charge, and no exceptions reserved to the oral charge to the jury.

■ In determining whether the trial court erred in overruling the defendant's motion to exclude the state's evidence, this court must take the evidence in the light most favorable to the prosecution. *Womack v. State,* 34 Ala.App. 487, 41 So.2d 429.

In *Daniels v. State,* 49 Ala.App. 654, 275 So.2d 169, this court held:

"In a prosecution for unlawful possession of narcotics it is not necessary to prove manucaption but constructive possession may be shown, and where such possession is relied upon the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance. *Rueffert v. State,* 46 Ala.App. 36, 237 So.2d 520; *Spruce v. State,* 43 Ala.App. 487, 192 So.2d 747. See cases in 16 Alabama Digest, Poisons, ☞9.

Such guilty knowledge may be established by circumstantial evidence and guilt does not necessarily depend upon ownership. *Parks v. State,* 46 Ala.App. 722, 248 So.2d 761."

 The state's evidence as to the custody and possession of the narcotics in this case unequivocally shows there was no missing link in the chain of identification. Identification and continuity of possession were sufficiently established, affording ample assurance of the authenticity of the pills or tablets and the analyses conducted by the Toxicologist. *Powell v. State,* 47 Ala.App. 582, 258 So.2d 923; *Green v. State,* 42 Ala.App. 439, 167 So.2d 694; *Aaron v. State,* 271 Ala. 70, 122 So.2d 360; *Dennison v. State,* 259 Ala. 424, 66 So.2d 552; *Oury v. State,* 53 Ala.App. 240, 298 So.2d 661.

The trial court did not commit reversible error in overruling appellant's motion to strike his voluntary statement made to Officer Pirtle while on the trip to Pirtle's automobile to the effect that he could get a quantity of LSD and other drugs if Pirtle could get up the money. This statement was not in response to any requests made by Pirtle.

The rule is that the acts, declarations and demeanor of the accused, before or after the offense, whether a part of the res gestae or not, are admissible against him, but unless a part of the res gestae are not admissible for him. *O'Neal v. State,* 53 Ala.App. 133, 298 So.2d 62. Alabama Digest, Criminal Law, ☞ numbers 345, 351(1), 412(1), 413(1).

We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. Accordingly, the judgment of conviction is affirmed.

Affirmed.

All the Judges concur.