In a two count indictment the appellant was charged with larceny and with buying and receiving stolen property. A jury found her guilty of buying and receiving stolen property. The trial judge sentenced the appellant to five years' imprisonment. From this conviction appeal is taken.
Two questions are presented for our review: (1) Whether reversible error is committed where the trial judge fails to instruct the jury on the elements of the offense and (2) whether a conviction may be had for buying and receiving stolen property where the accused stole the property from its rightful owner.
The state's evidence reveals that Mrs. Marie Harwood Crawford answered an ad in a newspaper offering a house for rent. On the 6th of January, 1975, Mrs. Crawford entered into a contractual arrangement for the house. She gave the appellant, who identified herself as Sue Hill, two hundred dollars in cash and received a receipt evidencing the transaction, signed by "Sue Hill". Mrs. Crawford positively identified the appellant as the woman who signed the receipt.
On the day appointed for Mrs. Crawford to take possession of the property she went to its location at 408 13th Terrace Northwest in Centerpoint, Alabama (Jefferson County), only to find seven other couples waiting to move into the same house and one couple who had already moved in.
The defense was that the appellant never entered into any rental agreement with Mrs. Crawford and simply did not commit any crime. Mrs. Geneva Bellamy, a notary public, testified that one "Sue Hill" signed a mortgage on the subject property in her presence. However Mrs. Bellamy stated that the "Sue Hill" who signed the mortgage was not the appellant.
Mrs. Mary Beacom, a handwriting expert, testified that the signature on Mrs. Crawford's receipt and an exemplar of the appellant's handwriting were not written by the same person. *Page 730 
 I
In his oral charge to the jury the trial judge stated the offenses with which the appellant was charged but did not detail their elements. The appellant contends that even without any objection this failure constitutes reversible error.
The trial court has a mandatory duty of instructing the jury orally as to the different and distinguishing elements of the offense charged.
 "In Mitchell v. State, 210 Ala. 457, 98 So. 285, the court said: `It was the duty of the court — mandatory duty of the court — to instruct the jury orally as to the different and distinguishing elements of (the offense). Without such instructions from the court, the jury could not intelligently comply with their statutory duty. This right of the defendant to have the jury so charged by the court was valuable. The duty resting on the court to so charge the jury is imperative. The error committed by the court in refusing to do so is manifest." Gilbert v. State, 32 Ala. App. 200, 201, 23 So.2d 22, 23
(1945).
Yet, even where the judge fails to charge the jury on the elements of the offense, this error may not be raised for the first time on appeal. To constitute ground for reversal, objection or exception to the oral charge is necessary.Mitchell v. State, 210 Ala. 457, 458, 98 So. 285 (1923).
 "The partial or total failure or omission of a trial court to instruct a jury in its oral charge with reference to principles or rules of law that may be, or even are, involved in the trial, cannot be made the basis for a reviewable question on appeal. Williams v. State, 147 Ala. 10, 25, 41 So. 992; Jones v. State, 174 Ala. 85, 93, 57 So. 36. The party's remedy in such cases of mere failure or omission is to request special written instructions according to the practice established by the statutes." McPherson v. State, 198 Ala. 5, 7, 73 So. 387, 387 (1916).
Though the appellant raised objection to the oral charge of the trial court in his motion for new trial, this is not sufficient to invoke review by this court where no exception or objection was made at trial before the jury retired. Snider v.State, 39 Ala. App. 234, 97 So.2d 163 (1957).
 II
The appellant alleges that the verdict of the jury was contrary to the law and evidence. It is argued that the appellant could not be legally convicted of buying, receiving and concealing stolen property because the state's own evidence shows that the appellant received the goods charged to be stolen, the two hundred dollars, from their rightful owner. The appellant refers to the rule in other jurisdictions that an accused may be convicted of criminally receiving stolen property, even though he was a guilty participant in the stealing of it, where he took no part in the actual caption and asportation, but participated only before or after the fact, or in a manner not involving his presence at the taking. Liakas v.State, 199 Tenn. 549, 288 S.W.2d 430, cert. denied,352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956); State v. Rutledge,232 S.C. 223, 101 S.E.2d 289 (1957).
This contention of the appellant has merit though we need not venture outside our own jurisdiction for supporting authority.
 "A prior theft of property by some third person, is a prerequisite to receiving stolen goods, knowing them to be stolen. (citations omitted)
 "It is essential to the crime here charged that the goods coming into the hands of the accused be stolen at the time the accused received them. Farzley v. State, 231 Ala. 60, 163 So. 394." Freeman v. State, 39 Ala. App. 451, 452, 103 So.2d 759, 760, cert. denied, 267 Ala. 626, 103 So.2d 761 (1958).
For this reason, evidence tending to prove that the accused came into possession of the property described in the indictment solely through the burglarization of a house is insufficient to authorize a conviction of receiving stolen goods. Gallman v. State, 29 Ala. App. 264, 195 So. 768 (1940).
In the offense of receiving stolen goods, the accused is guilty of receiving goods *Page 731 
which had been taken and carried away by another. The offense of larceny is perfected before that of receiving stolen goods can be perpetrated. Foster v. State, 39 Ala. 229, 234 (1864).
Thus Alabama law supports the general principle on this subject as stated in 136 A.L.R. 1087 at 1088, Annotation: May participant in larceny or theft be convicted of offenses of receiving or concealing the stolen property.
 "It is an elementary principle of law that the principal in a theft, or the person who actually steals the property, cannot be convicted of the crime of receiving, concealing, or aiding in the concealment of the property stolen."
The evidence in this case shows beyond any doubt that if the appellant did obtain the charged sum of money from the owner, she actually received it directly from Mrs. Crawford (the owner). The appellant, if guilty, was guilty of the actual taking and carrying away. Since a thief may not receive stolen property from himself, the appellant cannot be convicted of receiving stolen property where the evidence shows that she actually stole the property.
We note that in a related trial the trial judge charged the jury that the count charging buying, receiving, and concealing stolen property did not apply to a similar factual situation.Davidson v. State, Ala.Cr.App., 351 So.2d 683 (1977).
Because the evidence does not support the finding of the jury and the judgment of the trial court as a matter of law, the judgment of conviction must be reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.