Possession of heroin; sentence: ten years imprisonment.
On September 27, 1976, Mobile Police Officer Walter Pickett received information from a reliable informant that the appellant was in possession of heroin at 2069 Tucker Street in Mobile. Officer Pickett executed an affidavit and obtained a search warrant on September 27. The search warrant was executed on October 1, 1976.
When Officer Pickett and other members of the Mobile police force arrived at 2069 Tucker Street on October 1, they went straight upstairs to the bedroom in the northwest side of the house. The bedroom door was open. The appellant was just getting out of bed as the officers entered. His wife was in the bed. A search of the bedroom revealed seven capsules that were later determined to contain heroin residue. The capsules were found in a trash can approximately three or four feet from the bed.
The appellant voluntarily waived a trial by jury. He also elected to try the case before the trial judge jointly with his motion to suppress.
 I
At the conclusion of the State's case, the appellant moved to exclude the evidence for failure to prove possession. The appellant contends the trial court committed reversible error in denying the motion.
In the determination of whether a trial court commits reversible error in overruling a motion to exclude the State's evidence, we must take the evidence in the light most favorable to the prosecution. Easley v. State, 56 Ala. App. 102,319 So.2d 721 (1975).
To prove possession three attributes must be shown: ". . . (1) Actual or potential control; (2) Intention to exercise dominion; and (3) External manifestation of intent and control. . . ." Williams v. State, Ala.Cr.App., 340 So.2d 1144, cert. denied, Ala., 340 So.2d 1149 (1977).
As stated earlier the heroin was found in a trash can in the appellant's bedroom. The trash can was located between the entrance to the bedroom and the bed, approximately three or four feet from the bed. Two or three of the seven capsules recovered were in plain view on top of a newspaper that was stuffed in the trash can. Anyone walking from the door to the bed or vice versa would most likely notice the capsules.
Officer Pickett testified that he had known the appellant for a long time and that he knew from his own knowledge that appellant lived at the Tucker Street address with a brother, Alonzo McCord. Alonzo's bedroom was on the opposite side of the house. Officer Pickett also testified that he saw letters in the house addressed to the appellant at the Tucker Street address. He testified that he observed the appellant dress with clothes from the closet in the bedroom in which the drugs were found. In addition the appellant gave Officer Pickett permission to search the bedroom.
We believe constructive possession was shown since the heroin was found on the premises controlled by the appellant. Williamsv. State, supra. Where constructive possession is relied upon, the State must prove knowledge of the prohibited substance beyond a reasonable doubt. The guilty knowledge may be established by the surrounding facts and circumstances. Easleyv. State, supra. Taking the circumstances as a whole, the evidence was sufficient to establish possession by the appellant.
The fact that the appellant's wife was present in the bedroom would have no bearing on the issue of the appellant's possession. Since possession of illegal drugs is susceptible of joint commission, the guilt of the accused does not necessarily depend upon proof of his ownership of the drugs. Radke v.State, 292 Ala. 290, 293 So.2d 314 (1974). *Page 1244 
 II
Count one of the indictment alleged the following:
 "The GRAND JURY of said County charge, that, before the finding of this indictment James Kermit McCord, alias Scottie McCord whose name is to the Grand Jury otherwise unknown than as stated, did unlawfully possess heroin, on, to-wit: October 1, 1976, and that the said James Kermit Mccord, alias Scottie Mccord has heretofore been convicted of an offense under the Uniform Alabama Controlled Substances Act, on, to-wit: November 19, 1973, against the peace and dignity of the State of Alabama."
During the trial of the case, the State introduced into evidence a certified copy of a judgment entry for the crime of possession of heroin dated November 19, 1973. The style of the case was "State v. James K. McCord."
The appellant contends that the trial court erroneously denied his motion to exclude the State's evidence for failure to prove that he was the same person against whom the judgment entry was entered in the prior conviction. The appellant correctly states the proposition that this Court "can only consider the evidence which was before the trial court at the time the motion to exclude was made." Williams v. State, supra.
The name in the judgment entry is identical to appellant's. As stated in Williams v. State, Ala.Cr.App., 364 So.2d 717
(1978): "Identity of name raises a prima facie presumption of person." The appellant made no attempt to rebut the presumption of sameness of person.
The judgment entry (State's Exhibit No. 2) revealed the appellant's name, race, sex, birthdate, his representation by counsel, and the fact of his conviction for possession of heroin. State's Exhibit No. 1 (search warrant and affidavit), introduced prior to the introduction of the judgment entry, revealed the identical race, sex, and birthdate contained in the judgment entry. The evidence was sufficient to prove the appellant's prior conviction.
 III
The appellant's final contention is that his motion to suppress the evidence should have been granted for failure of the police to make a proper return of the search warrant.
Title 15, Section 111, Code of Alabama 1940, recompiled 1958 (now § 15-5-12, Code of Alabama 1975), states as follows: "The warrant must be executed and returned to the magistrate by whom it was issued, within ten days after its date; and after that time, if not executed, it is void."
In this case the return portion of the warrant is completed and signed by the appellant and Officer Pickett, but it is not signed and dated by the magistrate. There was no evidence presented that the warrant was never returned, only that the magistrate's signature and date was missing.
In the case of Donovan v. State, Ala.Cr.App., 359 So.2d 1181
(1978), it was stated that the return of a warrant is merely a ministerial act and that Title 15, Section 111, supra, "does not provide for the invalidation of the warrant upon its failure to be returned." The instant warrant was executed within the ten day requirement and was not invalidated by lack of the magistrate's signature and a date on the return.
AFFIRMED.
All the Judges concur.