The defendant was charged in a two count indictment with grand larceny and buying, receiving, concealing, or aiding in concealing stolen property. A jury found the defendant guilty of the count charging receiving stolen property after declaring that they were unable to reach a unanimous agreement as to Count I which charged larceny. Sentence was five years' imprisonment.
The defendant challenged the sufficiency of the evidence by a motion for directed verdict at the conclusion of the State's evidence and by motion for new trial. A motion to exclude the evidence for insufficiency is tested by the evidence at the time the motion is made and viewed in the light most favorable to the State. Kontos v. State, Ala.Cr.App., 363 So.2d 1025
(1978).
The defendant specifically contends on appeal that the State only proved that he was a possible participant or aider and abettor in the theft itself. Since one cannot be convicted for buying, receiving, or concealing stolen property when the evidence shows that he actually stole the property, Davidson v.State, Ala.Cr.App., 360 So.2d 728, cert. denied, Ala.,360 So.2d 731 (1978), the defendant argues that the jury's verdict was unauthorized and not supported by the evidence. We disagree.
On October 2, 1979, John C. Brown and a passenger, Ed Conti, were driving on Day Street in Montgomery. As they approached the furniture and bedding company of Pelham, Shell and Leckie, Mr. Brown noticed an early 1970's model Oldsmobile station wagon in front of him pull to the side of the street. Three black males jumped out and two of the three ran over to a pickup truck parked several feet away. The other one, whom Brown identified as the defendant, stood by the open rear door of the station wagon. A fourth black male remained in the driver's seat.
Ed Conti recognized the pickup truck as belonging to a customer of his, Wiley Chappell, so Mr. Brown and Mr. Conti pulled off Day Street about fifty yards beyond the station wagon to observe. The two black males by the pickup truck opened the door, snatched two rifles and ran back to the station wagon. Brown stated that the defendant jumped in the station wagon and one of the rifles was either handed to him *Page 554 
or placed on the rear floorboard by one of the thieves. One black male jumped in behind the defendant and the other one got in the front seat with the other rifle. The station wagon immediately drove off.
Mr. Brown followed the subjects and flagged down a policeman, Talmage Kelley, at the intersection of Air Base Boulevard and Day Street. Officer Kelley apprehended the subjects as they pulled into a Billups service station two blocks from the scene of the theft. Only minutes had elapsed since the crime had been committed. The rifles were recovered from the front and rear floorboards of the station wagon.
Wiley Chappell identified one of the rifles as belonging to him. The other rifle belonged to a friend of his and was left in his custody. He testified he gave no one permission to take the rifles.
In the State's case in chief, John Brown was the only witness who observed the actual theft. When asked if it were possible that the defendant did not have anything to do with the theft, he replied, "In my opinion, it would be probable." He candidly admitted, "It would be impossible for me to state anything other than he [defendant] was present." Mr. Brown stated that the defendant was "just standing, watching the proceedings."
 "Okay. I believe there were three black males that were actively involved: one, the driver of the automobile because he had to stop and probably had been aware of the intent of the other gentlemen and, then, the other two that actively opened the automobile and removed the firearms."
* * * * * *
 "Yes, sir, because based on the way he behaved, he was a victim, you know, of an act just being there. He didn't actively engage in the crime in my opinion."
On direct examination, Mr. Brown testified that one of the rifles was handed to the defendant who was sitting in the back seat of the station wagon. However, on cross examination Brown admitted that he never actually saw the defendant touch the rifle and the weapon could have been placed on the floorboard instead. On redirect examination Mr. Brown testified that it appeared to him that the weapon was handed to the defendant: "He just asked me for my opinion and just logic, you know, the way it was handed in basically. I just know what I know of a '72 Olds, primarily a big back seat."
The following elements must be proven in order to submit to a jury a case of buying, receiving, or concealing stolen property: "(1) The property must have been stolen; (2) the accused must have bought, received, concealed, or aided in concealing the property with the knowledge that it was stolen; and (3) the accused must have had no intention of returning the property to the owner." Ladd v. State, 363 So.2d 1017
(Ala.Cr.App. 1978).
Where the evidence establishes that the accused was present,actually aiding, abetting, and participating in the theft of property, he could not be convicted of the offense of buying, receiving, or concealing stolen property. White v. State,383 So.2d 888 (Ala.Cr.App.), cert. denied, 383 So.2d 892 (Ala. 1980); Davidson v. State, 360 So.2d 728 (Ala.Cr.App.), cert. denied, 360 So.2d 731 (Ala. 1978). However, criminal liability for receiving or concealing stolen property may attach where one was present but did not participate in the actual taking and carrying away of the property. A statute making an accessory a principal does not alter this rule. White, supra;Mefford v. State, 363 So.2d 1050, 1054 (Ala.Cr.App. 1978).
 "An apparent exception to the rule that one who steals property cannot be convicted of receiving it, . . . is that one who was an accessary before or after the fact but was not present at the actual caption and asportation of the goods or took no part therein, but who received the goods after the theft, may be convicted of receiving stolen goods, and this is true, although statutes provide, or the rule is applied that a person who has been an accessary to a theft may be convicted as *Page 555 
principal thief. One who was present at the time of the commission of larceny and aided in the commission thereof, although he was not guilty of the actual taking, can be convicted of receiving or concealing the property so stolen, for the reason that the receiving of the property is subsequent to the larceny in fact and not a part of it." 76 C.J.S. Receiving Stolen Goods § 14c (1952).
Likewise, Wharton says:
 "It is generally held . . ., that a person who is physically present when the goods are stolen but who does not aid in their caption or asportation, may commit the offense of receiving the stolen goods, on the theory that the act of receiving the goods is under such circumstances subsequent to the theft and not a part of it." R. Anderson, 2 Wharton's Criminal Law and Procedure § 576 (1957).
Here the evidence is in dispute as to whether or not the defendant actually participated in the theft of the goods. Even considering only the State's evidence, it is not clear whether the defendant was a thief or merely a receiver — the evidence being such that the jury was authorized to find that he was either one or the other. It was for the jury to determine whether the defendant was guilty as a thief or as a non-thief of receiving or concealing stolen property.
In Stoudemire v. State, 365 So.2d 376 (Ala.Cr.App. 1978), the accused stood at the corner of a building while his companion broke into a parked automobile and removed a safety deposit box. This Court found that Stoudemire was a principal in the felonious taking and carrying away of the property of another and for that reason could not be convicted of the crime of receiving, concealing or aiding in the concealment of stolen property. There the State's evidence did not present any conflict in the part Stoudemire played in the theft. However, here the jury could either find that the defendant was an active participant in the theft in that he was a "lookout" or that the defendant was innocent of the actual theft in that he did not know of the crime until it was actually in progress. InWhite, supra, this Court also found that the accused's role was "clearly that of an active participant in the caption and asportation" of the property.
Clearly, the defendant's mere presence in the automobile would not constitute constructive possession of the stolen items, since this defendant neither owned or operated the vehicle. Isabell v. State, 57 Ala. App. 444, 452,329 So.2d 133, cert. denied, 295 Ala. 407, 329 So.2d 140 (1976); Crowdenand Askew v. State, 55 Ala. App. 325, 331, 315 So.2d 122, cert. denied, 294 Ala. 756, 315 So.2d 128 (1975).
 "In the absence of a showing that he [defendant] knew the guns to be in the car, knew them to be stolen and exercised some control over them, his presence in the car, standing alone, would not be sufficient for a conviction." Isabell, 57 Ala. App. at 452, 329 So.2d 133.
Yet, the circumstances in this case are much more incriminating than those in Isabell. Here the defendant was in the car both immediately before and after the theft. He observed his two companions steal the rifles. That the defendant had actual knowledge of the theft cannot realistically be disputed. Appellate counsel even argues that, if the defendant is guilty of anything, it is larceny.
Additionally, just as Mr. Brown concluded that the weapons were handed to the defendant, the jury could draw the same reasonable inference. In sifting and weighing the facts of a case "courts and juries must use common sense, common reason, and common observation as well as common knowledge of the usual acts of men and women under given circumstances." Thompson v.State, 21 Ala. App. 498, 499, 109 So. 557 (1926).
Under the evidence the defendant could have been found guilty of either larceny or buying, receiving, or concealing stolen property. Where the evidence affords a reasonable inference that the offense for which one is charged has been committed, the court must submit the question of the sufficiency and weight of the evidence tending *Page 556 
to support that inference to the jury. Young v. State, 283 Ala. 676, 220 So.2d 843 (1969).
We have searched the record for error prejudicial to the defendant and have found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.