SAM W. TAYLOR, Judge.
Appellant was convicted of receiving sto- • len property in the first degree in violation of § 13A-8-17, Code of Alabama, 1975. His sentence of 3 years’ imprisonment was suspended.
The indictment handed down in this case by the Montgomery County Grand Jury described the property stolen on December 1 or 2, 1981 from' the Edward Bell High School as follows:
“1 typewriter, a better description of which is unknown to the Grand Jury, of the value of $750.00; 2 calculators, a better description of which is unknown to the Grand Jury, of the aggregate value of $293.00, 1 film strip projector, a better description of which is unknown to the Grand Jury, of the value of $125.00; all of the aggregate value of $1168.00,.... ”
At trial, the principal of Edward Bell High School, George Rufus Irving, testified as to the value of the equipment listed in the indictment. He stated he had identified the stolen property at the Montgomery Police Department following the burglary, and that his identification had been possible through the use of his school system’s inventory record form. He said further that he had also used the inventory record form to determine the property’s value. The aggregate value of the property as described by this witness was $1168.
Mr. Irving stated that the inventory from which the record form in question was derived was last performed on May 12, 1981 by Homer Milner, an employee of the Board of Education. He said that he believed that Mr. Milner based the value of the items listed on the inventory through the use of the market price found on purchase order forms. The witness further testified that the stolen items, including a typewriter, 2 calculators and a projector, were purchased prior to his becoming principal of the school in 1978.
Appellant’s sole issue on appeal is whether the State failed to make a prima facie case for receiving stolen property in the first degree.
Appellant argues that the State failed to prove that the stolen property had a value greater than $1000. Such an evaluation is necessary to sustain a first degree conviction in this case.
§ 13A-8-l(14), Code of Alabama, 1975, defines value as “The market value of the property at the time and place of the criminal act.”
However, as this court has stated,
“Testimony as to market value is in the nature of opinion evidence... Such opinion evidence is not conclusive, and it therefore remains with the jury as the trier of fact to be considered like all other evidence.”
Lankford v. State, 396 So.2d 1099, 1103 (Ala.Cr.App.1981).
*995 This court has ruled that “testimony as to what the property cost at the time it was purchased by its owner” can form part of the basis for a jury’s determination that the requisite statutory value has been proven. Johnson v. State, 374 So.2d 417, 420 (Ala.Cr.App.1979); Lasley v. State, 418 So.2d 193, 194-5, (Ala.Cr.App.1982).
We cannot conclude that the jury’s determination of the value of the stolen property was without support from the testimony given by Mr. Irving.
The judgment of the circuit court is, therefore, due to be affirmed.
AFFIRMED.
All the Judges concur.