SAM TAYLOR, Judge.
Appellant was convicted of receiving stolen property in the first degree in violation of § 13A-8-17, Code of Alabama 1975. He was sentenced to life imprisonment, applying the Habitual Felony Offenders Act.
I
Appellant argues that the state failed to prove the value of the stolen property he was accused of receiving and concealing, and that for that reason his conviction should be reversed. James Blackmon, a Georgiana police officer, testified that in his opinion the stolen guns could be valued from $1,500 to $2,500. No foundation was laid by counsel as to Officer Blackmon’s expertise as regards firearms and values. The witness as a police officer owned and handled firearms as part of his official duty. The weight given to the opinion of a non-expert witness must be determined by the jury as the trier of fact. Pearson v. State, 441 So.2d 993 (Ala.Cr. App.1983); Lankford v. State, 396 So.2d 1099 (Ala.Cr.App.1981). The opinion of a non-expert “is to be considered like other evidence in connection with all the facts and circumstances and in the light of the knowledge and experience of the jury in finding the true value.” State v. Crawford, 277 Ala. 568, 173 So.2d 109 (1965). It is well established that value may be proven by non-experts. Speed v. State, 432 So.2d 554 (Ala.Cr.App.1983).
The guns were received in evidence so that the jury were themselves able to examine them. The court apparently felt that the members of this Butler County jury would know the value of that kind of property from their common knowledge.
On appeal, in assessing the sufficiency of the evidence, we are required to view the evidence in the light most favorable to the prosecution. McCord v. State, 373 So.2d 1242 (Ala.Cr.App.1979); Easley v. State, 56 Ala.App. 102, 319 So.2d 721 (1975). “This court must accept as true the evidence introduced by the state and accord the state all legitimate inferences therefrom.” Johnson v. State, 378 So.2d 1164, 1169 (Ala.Crim.App.1979). Considering the evidence in a light most favorable to the prosecution, in the instant case, we find that the evidence presented was sufficient for the jury to make a determination of the value of the guns received.
We find no merit in appellant’s other contentions, and affirm the judgment of the trial court.
AFFIRMED.
All the Judges concur.