BOWEN, Presiding Judge,
dissenting.
I dissent from the opinion of the majority remanding this cause to the trial court to determine whether or not trial counsel was ineffective in failing to object to the court’s oral instructions. A hearing on remand will not provide this Court with any additional facts relevant to deciding the issue of counsel’s ineffectiveness. The facts necessary to make that determination are already present in the record.
McMILLAN, J., concurs.
ON RETURN TO REMAND
PATTERSON, Judge.
On remand, the trial court, after holding a hearing, determined that counsel was not ineffective in failing to object to that portion of the court’s oral charge which set forth the elements of the offense charged.
In reviewing this ruling, we first note that the trial court’s charge was in fact insufficient, for it failed to recite those elements of robbery in the first degree which are encompassed within the definition of robbery in the third degree. Harris was indicted for violating § 13A-8-41(a)(l), which requires proof that the offender “violates section 13A-8-43 and ... is armed with a deadly weapon or dangerous instrument.” Thus, to have properly instructed the jury, the court should have also charged on the elements of § 13A-8-43, as outlined in the indictment. See Alabama Pattern Jury Instructions: Criminal, III-C-9.1(a) and (b) (1980).
“In Mitchell v. State, 210 Ala. 457, 98 So. 285 [1923], the court said: ‘It was the duty of the court — mandatory duty of the court — to instruct the jury orally as to the different and distinguishing elements of (the offense). Without such *132 instructions from the court, the jury could not intelligently comply with their statutory duty. This right of the defendant to have the jury so charged by the court was valuable. The duty resting on the court to so charge the jury is imperative. The error committed by the court in refusing to do so is manifest.”
Davidson v. State, 360 So.2d 728, 730 (Ala.Cr.App.), cert. denied, 360 So.2d 731 (Ala.1978) (quoting Gilbert v. State, 32 Ala.App. 200, 201, 23 So.2d 22, 23 (1945)).
Although we find that the court’s charge was erroneous as incomplete and that defense counsel did not object to this deficiency, we further hold that Harris has failed to satisfy the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There, the Court established a two-prong analysis for determining the validity of a claim of ineffective counsel: The defendant must show both that his counsel’s performance “fell below an objective standard of reasonableness,” id. at 688, 104 S.Ct. at 2064, and that “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different,” id. at 694, 104 S.Ct. at 2068. “Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the results unreliable.” Id. at 687, 104 S.Ct. at 2064. In analyzing the instant facts by the Strickland test, we need focus only on the “prejudice” component; we are not required to address both considerations if the defendant makes an insufficient showing as to one of the prongs. Id. at 697, 104 S.Ct. at 2069-70.
At first glance, the error which occurred in the instant case appears to be of such fundamentally constitutional stature that no prejudice need be established. However, this court rejects that position. Cf. Ex parte Harrell, 470 So.2d 1309, 1311-17 (Ala.), cert. denied, 474 U.S. 935, 106 S.Ct. 269, 88 L.Ed.2d 276 (1985) (wherein our supreme court held that the trial court’s failure, in a capital murder prosecution, to charge the jury that it must find that the defendant knew at the time he fired the fatal shot that the victim was a police officer was not “plain error” or “a ‘particularly egregious error’ and would not result in a miscarriage of justice if a reversal is denied,” id. at 1317 (quoting Ex parte Womack, 435 So.2d 766, 769 (Ala.), cert. denied, 464 U.S. 986, 104 S.Ct. 436, 78 L.Ed.2d 367 (1983)), for, among other reasons, the defendant’s defense was substantially based upon the claim that the killing was accidental; the defendant did not object to the charge; there was substantial evidence that the defendant did, in fact, know his victim was a police officer; and the defendant’s knowledge, or lack thereof, of the officer’s identity was not a material element of his defense); Parrish v. State, 494 So.2d 705, 714 & n. 9 (Ala.Cr.App.1985) (wherein the court held that the trial court’s failure to define an element of the charge did not constitute an error of a “fundamental constitutional level,” and, thus, an objection was required to preserve the issue); Davidson v. State, 360 So.2d at 730 (wherein the court refused to address the trial court’s failure to charge on the elements of the offense charged where the defendant did not properly preserve the issue). See also 24B C.J.S. Criminal Law § 1922(9) (1962) (quoted in Crowe v. State, 485 So.2d 351, 362 (Ala.Cr.App.1984), rev’d on other grounds, 485 So.2d 373 (Ala. 1985)) (wherein it was observed that “[a]n instruction which ignores, or omits to charge on, a material issue or element of the case is not grounds for reversal if accused is not prejudiced thereby, as where no other verdict than that of guilty is warranted by the evidence, where the issue or element ignored is shown conclusively by the evidence, where the omission is with respect to facts not supported by the evidence, or where the error is remedied by other instructions given.”) In certain Sixth Amendment contexts, prejudice is presumed, for example, where assistance of counsel is actually or constructively denied, where the state interferes with counsel’s assistance, and where counsel is burdened by an actual conflict of interest. Strickland, 466 U.S. at 692, 104 S.Ct. at 2067. However, the instant error clearly does not *133 fall within any of the recognized exceptions to the requirement that prejudice must be established. Thus, Harris must be held to the burden of affirmatively proving that prejudice resulted, within the circumstances of her case.
Accordingly, we turn to the following directives:
“When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. ...
“In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.”
Id. at 695-96,104 S.Ct. at 2069. The Court defined “reasonable probability” as “a probability sufficient to undermine confidence in the outcome,” id. at 694, 104 S.Ct. at 2068, for “[i]n every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results,” id. at 696, 104 S.Ct. at 2069.
The prosecution’s evidence introduced at the instant trial established that, under false pretenses, Harris and a companion convinced the victim, Ruth Stevens, to take them to the parking lot of the local K-Mart store; while in Stevens’s car in the parking lot, Harris pulled a gun, pointed it at Stevens’s head, and threw Stevens’s purse to her companion, who went through it and took from it more than $756; then, Harris asked for Stevens’s jewelry, piece by piece, which included her wedding ring, her gold necklace, her watch, her sister’s ring, and a pair of earrings, and told her that if she did not comply, she would kill her; and, finally, Stevens was blindfolded and Harris ordered her to get down on the floorboard of her car. In answer to this testimony, Harris testified, along with three other witnesses, that, during part of the day of the offense, she was at her residence in Birmingham and that, at the specified time of the offense, she was at a friend’s house where a tea was being held to celebrate her friend’s sister’s fourth wedding anniversary.
Under these facts, Harris has failed to establish that there is “a probability sufficient to undermine confidence in the outcome” that, if the jury had been properly charged, the jury would have had a reasonable doubt respecting guilt. The determination of whether, “in the course of committing a theft,” § 13A-8-43, Harris “use[d] force against the person of the owner or any person present,” § 13A-8-43(a)(1), “with intent to compel acquiescence to the taking of or escaping with the property,” 13A-8-43(a)(2),[1] was not contested. Rather, the only material issue before the jury was the robber’s identity: Whether Harris was in Birmingham at the time of the robbery or whether she was, in fact, the robber. That a robbery occurred was, in no manner, questioned. There was substantial, unrefuted evidence that (1) the robber brandished a pistol, see Lewis v. State, 469 So.2d 1291,1298-99 (Ala.Cr.App. 1984), aff’d, Ex parte Blake, 469 So.2d *134 1301 (Ala.1985) (as a matter of law, brandishing a weapon constitutes both the use of force and the threat of force); (2) the robber intended to compel acquiescence to the taking of Stevens’s jewelry and money; and (3) the use of force and the specified intent occurred during the course of a theft, for the robber knowingly obtained unauthorized control over Stevens’s property, with intent to deprive Stevens of her property, § 13A-8-2. In the context of the evidence presented to the jury, we find no probability that the jury would have had any doubt about Harris’s guilt had it been properly charged. See Crowe, 485 So.2d at 362 (wherein the court held that the trial court’s failure to instruct the jury that the capital offense of murder of a police officer required the defendant’s knowledge of the officer’s status was harmless error).
Based on the foregoing, we hold that, within the factual context of this case, the Strickland v. Washington test was not met. Accordingly, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. Although the indictment does not follow the exact statutory language, but rather avers a portion of § 13A-8-43(a)(l) and a portion of 13A-8-43(a)(2), we find that it properly charges the offense, in substance. See Lewis v. State, 469 So.2d 1291, 1298-99 (Ala.Cr.App.1984), aff’d, Ex parte Blake, 469 So.2d 1301 (Ala.1985).