McMillan, judge.
The appellant, Jeffrey Mills, was indicted for receiving stolen property in the first degree, Code of Alabama (1975), § 13A-8-17. He was convicted and sentenced to nine years' imprisonment.
Brannen Perry and Morris Ann Perry testified that, on August 7, 1986, they were away from their home and, to the best of their knowledge, no one was present in their home. Brannen Perry testified that he and his wife owned some jewelry, which was kept in a box by their bed. Brannen Perry estimated that the jewelry was worth $5,000 or $6,000, while Morris Ann Perry estimated that the jewelry was worth approximately $12,000. The couple returned to their home on August 13 and noted that the jewelry box was gone. *1127 Their daughter, Anne Perry, testified that she discovered that the back door had been pried open while her parents were away from home. She searched the house to determine whether anything was missing and discovered that the jewelry box was gone. She later found pieces from the jewelry box on a desk and therefore telephoned the police. Morris Ann Perry identified the jewelry introduced at court as the jewelry that had been stolen from her home.
Dee Dee Dees testified that she worked for Pate Realty as office manager and bought gold and silver for the business. She testified that records were kept in the ordinary course of business of purchases made. She testified from the records that, on August 7 she purchased several items of gold and silver jewelry from Jeffrey Mills of Berry, Alabama, for $220. The records contained Mills’s signature. She further testified that, on August 11, Sergeant D. Parker of the Tuscaloosa Police Department picked up the jewelry. She identified jewelry introduced at court as that which she turned over to Sergeant Parker. Dees testified on cross-examination that Jeffrey Mills presented his driver’s license as identification. Dees estimated on examination by the court that the property was “well worth over about $3,000.”
Officer Stanley Webb of the City of Fay-ette Police Department testified that he investigated the burglary. He testified that he initially arrested the appellant at the county jail in Pensacola, Florida. Officer Webb testified that he read the appellant his Miranda rights before leaving the jail. Officer Webb further testified that the appellant began asking him “about what was going on” and indicated that he was willing to give a statement. Therefore, Officer Webb stopped the patrol car and the appellant wrote out his statement, in which he claimed that Tim Pinion, co-defendant, gave him some gold “in a plastic bag inside a paper bag with some silver in it.” He stated that Pinion had been promising the appellant to help him “come up” with money that he needed to pay for an automobile. He admitted to selling the property in Tuscaloosa for $220. He stated that he did not know that the jewelry was stolen and believed that Pinion had gotten it from his family.
The appellant testified at trial that Pinion gave him the jewelry, which he later pawned, and that when he pawned it he gave the clerk his driver’s license because he did not believe the property to be stolen. He testified that he had pawning items for Pinion for over a year.
The State called Jackie Neal Hill as a rebuttal witness. Hill testified that he was incarcerated in the Fayette County Jail on a charge of receiving and concealing stolen property arising out of this incident. Hill testified that, on the day in question, the appellant, Pinion, and he went to the Per-rys’ house and the appellant rang the doorbell. They discovered that no one was home, and the appellant asked Hill if he wanted to break into the house. Hill testified that he declined, whereupon the appellant asked Pinion, who agreed. They parked their car away from the house and the appellant and Pinion walked through the woods, returning approximately an hour later with the jewelry box. They removed the jewelry and disposed of the jewelry box in a pond. He further testified that they “dropped Tim [Pinion] off” and the appellant and he went to Tuscaloosa to sell the jewelry.
I
The appellant alleges that because the evidence tended to show that he actually participated in the burglary and theft, his conviction for receiving stolen property was contrary to the law. Where the evidence is undisputed that the appellant committed the theft, he cannot be convicted of receiving the same stolen property from that theft. Ex parte Thomas, 445 So.2d 939 (Ala.1983). See also Ex parte Wilcox, 401 So.2d 794, 795 (Ala.1981) (appellant “cannot be convicted of both larceny and buying, receiving or concealing stolen property where the same property is involved.”). “The reason for the rule stems from the logical impossibility for the thief to receive stolen property from himself.” *1128 White v. State, 383 So.2d 888, 889, (Ala.Cr.App.), cert. denied, 383 So.2d 892 (Ala.1980).
The only evidence in the case sub judice implicating the appellant in the actual burglary was the testimony of the State’s rebuttal witness, Jackie Neal Hill. The principle that someone cannot be convicted of receiving stolen property when the evidence proves that he participated in the theft “is inapplicable where, as here, the evidence does not show that the appellant participated in the theft. Craig v. State, [375 So.2d 1252 (Ala.Cr.App.), cert. denied, 375 So.2d 1257 (Ala.1979) ]; Thomas v. State, 389 So.2d 552 (Ala.Cr.App.1980). ‘That he may have done so cannot be reasonably doubted, but there is no definite evidence to that effect.’ Craig v. State, supra.” George v. State, 410 So.2d 476, 478 (Ala.Cr.App.1982).
The State’s evidence sufficiently proved that the appellant was guilty of receiving stolen goods. Moreover, the appellant admitted to receiving the goods, but denied knowing that they were stolen. Although the appellant cites Davidson v. State, 360 So.2d 728 (Ala.Cr.App.), cert. denied, 360 So.2d 731 (Ala.1980), to support his argument, that case is distinguishable on the grounds that the appellant in Davidson was indicted for larceny and buying and receiving stolen property. Further this court in Davidson held that the evidence proved “beyond any doubt that if the appellant did obtain the charged sum of money from the owner, she actually received it directly from Mrs. Crawford (the owner). The appellant, if guilty, was guilty of the actual taking and carrying away.” Id. at 731. The present appellant’s conviction of receiving stolen property was proper, because the evidence presented did not sufficiently prove that he participated in the theft.
II
The appellant argues that the evidence presented did not sufficiently show that he knew or had reasonable grounds to believe that the property was stolen or that the property was worth in excess of $1,000. § 13A-8-17, Code of Alabama (1975).
“Scienter is an element of proof necessary to sustain a conviction of receiving stolen property, but scienter may be inferred by the jury from the facts and circumstances of the entire transaction.” Wilson v. State, 361 So.2d 1167, 1170 (Ala.Cr .App.1978).
“The possession of recently stolen property by the accused places upon him the burden of explaining that possession to the satisfaction of the jury. Buckles v. State, 291 Ala. 352, 280 So.2d 814 (1972); Eldridge [v. State], 415 So.2d [1190, 1194 (Ala.Cr.App.1982) ]; Boykin [v. State], 398 So.2d [766, 769 (Ala.Cr.App.), cert. denied, Ex parte Boykin, 398 So.2d 771 (1980)]. ‘Whether the explanation offered is credible or satisfactory is a question for the jury.’ Orr v. State, 107 Ala. 35, 39, 18 So. 142 (1895). See also Stamps v. State, 380 So.2d 406, 408 (Ala.Cr.App.1980); Waters v. State, 360 So.2d 358, 361 (Ala.Cr.App.), cert. denied, Ex parte Waters, 360 So.2d 367 (Ala.1978).”
Carlisle v. State, 465 So.2d 1205, 1206 (Ala.Cr.App.1984).
The possession of recently stolen property “ ‘casts on the defendant the onus explaining his possession, and, if he fails to make a reasonable explanation, a presumption of guilt arises which will support a conviction.’ ” Turner v. State, 484 So.2d 1165, 1167 (Ala.Cr.App.1985). See also Tyree v. State, 407 So.2d 580, 581 (Ala.Cr.App.1981).
The pawn shop’s records showed that the appellant was in possession recently of stolen goods. The appellant also admitted to such possession. The jury could reasonably infer from these circumstances that the appellant had the requisite scienter to commit the crime of receiving stolen property. Moreover, the jury, acting reasonably, could have failed to believe the appellant’s explanation that Pinion simply gave him his family’s jewelry to sell.
The appellant argues that the “best evidence” of the value of the stolen property was the $220 given him at Pate *1129 Realty. However, the record shows that the office manager at Pate Realty testified that she believed the property to be worth over $3,000. Morris Ann Perry testified that the property was worth approximately $12,000 and Brannen Perry testified that he believed the property to be worth around $5,000 to $6,000. Testimony as to the value of stolen property is to be considered by the jury in its determination that the requisite statutory value has been proven. Pearson v. State, 441 So.2d 993, 995 (Ala.Cr.App.1983). Such evidence is to be considered in the light of the knowledge and experience of the jury. Blackburn v. State, 448 So.2d 470, 471 (Ala.Cr.App.1984); Lankford v. State, 396 So.2d 1099, 1103-04 (Ala.Cr.App.1981). There was ample support in the record for the jury’s determination that the value of the property exceeded $1,000.
Ill
The appellant contends that the trial court committed reversible error in not charging the jury as to the lesser included offense of receiving stolen property in the second degree.
“The crime of receiving stolen property is defined in Alabama Code 1975, § 13A-8-16. The offense is graded into three degrees which, in most cases, are determined by the value of the property stolen. Speight v. State, 437 So.2d 662, 663 (Ala.Cr.App.1983). Receiving stolen property in the first degree involves property which exceeds $1,000 in value (§ 13A-8-17); second degree involves property which exceeds $100 but does not exceed $1,000 in value (§ 13A-8-18); third degree involves property which does not exceed $100 in value (§ 13A-8-19).
Ashurst v. State, 462 So.2d 999, 1007 (Ala.Cr.App.1984).
The appellant again asserts that the property should have been valued at less than $1,000 and the jury should have been charged that it could make such a finding. However, as previously stated, although the appellant was paid $220 by the pawn shop manager for the property, she testified in court that she believed the value of the property to be greater than $3,000. Thus, the evidence did not support a charge on receiving stolen property in the second degree. A trial court may properly refuse to charge the jury on a lesser included offense when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense. Greer v. State, 475 So.2d 885 (Ala.Cr.App.1985); Perry v. State, 455 So.2d 999 (Ala.Cr.App.1984); Hollins v. State, 415 So.2d 1249 (Ala.Cr.App.1982).
AFFIRMED.
All the Judges concur.