Gary Lynn Weeks was indicted by the grand jury of Lauderdale County for theft, first degree, in violation of § 13A-8-3, Code of Alabama 1975. He entered a plea of not guilty and the case was tried before a jury. The jury was deadlocked, and a mistrial was declared. At his second trial, Weeks was found guilty by the jury, and the trial court sentenced him to life imprisonment as a habitual offender.
Weeks appeals from an order of the trial court denying his motion for a new trial based upon the alleged grounds that he lacked the requisite intent to deprive the owner of his property, and the refusal of the trial court to give his written requested charge defining "deprive" as provided in § 13A-8-1(2) Code of Alabama, 1975.
Weeks, a carpenter, was employed by Randall Potts to help him roof a car shed at the home of Paul Wright. While working on the shed Weeks observed and admired a 1971 convertible Dodge Challenger valued between $6,000 and $15,000. Weeks stated that he would like to have the car.
When Weeks's work day ended on Saturday, June 22, 1991, he and Potts drank a few beers. (Weeks testified that he drank a case or more of beer during the evening of June 22.) After leaving Potts, Weeks borrowed a car from Ronald Witt, his brother-in-law. Using the car, he picked up his girlfriend, and the two of them went to a club. There he drank more beer and a few shots of whiskey.
Weeks and his date left the club around 10:00 to 10:30 p.m., and he took her home. After dropping her off and at about 12:00 to 12:30 a.m., Weeks drove his brother-in-law's car to Paul Wright's car shed. He parked the car and got in the 1971 convertible Dodge Challenger. The keys were in the car, so he cranked it, backed out, let down the convertible top, and drove away. He testified that it was a beautiful night and he just drove around going nowhere in particular. In the early morning of June 23, Weeks wrecked the car by running it into a ditch. The damage to the car rendered it inoperable.
After wrecking the Challenger, Weeks went to see his ex-brother-in-law, Jim Edgeman. The time was around 3:30 to 4:00 a.m. Weeks and Edgeman could not get the Challenger started, so they pushed or pulled it to a lot behind Edgeman's house. There it stayed until it was removed to its owner.
None of the witnesses testified that Weeks had stated to them that he had "borrowed" the Challenger and that he was going to take a joy ride in it, and then return it to its rightful owner. Even so, however, Weeks's testimony indicated that he was going to return the car to the shed where he got it, and he stated that he attempted to telephone the owner and tell him that he had taken the car and wrecked it.
Weeks contends, first, that he was too drunk to have the requisite intent to steal the car. The evidence shows that Weeks, had, indeed, consumed a lot of beer and whiskey on the night of June 22, yet *Page 1158 
none of the witnesses who saw Weeks during the time in question testified that they believed Weeks to be drunk. One of these witnesses was a deputy sheriff who had stopped at the scene of the accident and asked Weeks if he could help him. The deputy did not think that Weeks was drunk.
The well-settled rule in Alabama is that mere drunkenness, voluntarily produced, is never a defense to a criminal act.Green v. State, 342 So.2d 419 (Ala.Cr.App. 1977). The intoxication must be of such a character and extent as to render the defendant incapable of consciousness that he is committing a crime. Johnson v. State, 32 Ala. App. 217,24 So.2d 228 (1945). Moreover, whether Weeks's intoxicated condition rendered him incapable of forming a criminal intent to steal the Challenger was a question for the jury. Lee v. State,439 So.2d 818 (Ala.Cr.App. 1983). Turrentine v. State,574 So.2d 1006 (Ala.Cr.App. 1990).
Next, Weeks asserts that the trial court erred by refusing to give the following written requested charge:
 "1. According to § 13A-8-1(2) of the Code of Alabama, to 'Deprive' means:
 "a. To withhold property or cause it to be withheld from a person permanently or for such period or under such circumstances that all or a portion of its use or benefit would be lost to him; or
 "b. To dispose of the property so as to make it unlikely that the owner would recover it."
It is a well-settled rule that when a written requested charge is refused, there is no prejudicial error when the requested charge is substantially covered in the court's oral charge. Norsworthy v. State, 542 So.2d 950 (Ala.Cr.App. 1989);Stout v. State, 547 So.2d 894 (Ala.Cr.App. 1988).
In the instant case, a review of the court's oral charge leads to the conclusion that it did not substantially cover the written requested charge. The court's oral charge follows:
 "Now, as to the crime of Theft of Property 1st Degree. A Defendant is charged with Theft of Property in the 1st Degree: A person commits the crime of Theft of Property if he knowingly obtains or exerts unauthorized control over the property of another with the intent to deprive the owner of his property. The theft of a motor vehicle, regardless of its value, constitutes Theft of Property in the 1st Degree. To convict, the State must prove beyond a reasonable doubt each of the following elements of Theft of Property in the 1st Degree. One, that the Defendant, Gary Lynn Weeks, knowingly obtained or exerted unauthorized control over the motor vehicle of Paul Wright, more specifically, a 1971 Dodge Challenger. And, two, the Defendant acted with the intent to deprive the owner of his motor vehicle. One acts with intent to deprive another of his property when he acts with the purpose of causing that result. A person acts knowingly with respect to conduct or to a circumstance when he is aware that his conduct is of that nature or that the circumstance exists. The term 'obtains or exercises unauthorized control over property' includes, but is not necessarily limited to the taking, carrying away or the sale, conveyance or transfer of title to or interest in the possession of property. And to prove theft, it is necessary to show an actual possession of the goods by the Defendant and the severance of the possession of the owner, no matter how short the length of time of possession may be. If you find from the evidence that the State has proved beyond a reasonable doubt that each of the above elements of the offense of Theft of Property in the 1st Degree as charged, then you shall find the Defendant guilty of — of Theft of Property in the 1st Degree. If you find that the State has failed to prove beyond a reasonable doubt any one or more of the elements of the offense of Theft of Property in the 1st Degree, then you cannot find the Defendant guilty of Theft of Property in the 1st Degree." (Emphasis added.) *Page 1159 
In Chavers v. State, 361 So.2d 1106 (Ala. 1978), the Alabama Supreme Court stated: "Our decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility."
We conclude that the jury should have been charged by the court on the statutory definition of "deprive," found in §13A-8-1(2). Without the definition, the jury could not reflect upon the "intent to deprive" as provided in the statute, §13A-8-2, Code of Alabama 1975.
The judgment of the trial court is reversed and the case remanded for a new trial.
The above opinion was prepared by the Honorable JAMES H. FAULKNER, a retired Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All Judges concur.