This is an appeal from the denial of a petition for post-conviction relief. The appellant, Joseph Patrick Russo, challenges his 1991 convictions for two counts of criminally negligent homicide. Those convictions were affirmed on direct appeal. Russo v. State, 610 So.2d 1206 (Ala.Cr.App. 1992).
In his petition, the appellant alleges that trial counsel was ineffective because he failed to object to the trial court's refusal to give the appellant's written requested instructions concerning the elements of the offense of criminally negligent homicide and the standard of conduct applicable to that offense.[1] *Page 143 
On direct appeal of the convictions, this Court found that trial counsel failed to make a proper objection at trial to the trial court's refusal to give those requested instructions and that "most of the alleged deficiencies [in the trial court's instructions to the jury] were not raised at trial and, consequently, [we]re not properly before this Court for review." Russo, 610 So.2d at 1211.
The case against the appellant was submitted to the jury on two counts of manslaughter along with instructions on the lesser included offenses of vehicular homicide and criminally negligent homicide. At that time, criminally negligent homicide was a Class A misdemeanor. Russo, 610 So.2d at 1209 n. 4. We note that despite the considerable evidence of the appellant's guilt, he was convicted only of criminally negligent homicide, the least serious offense possible.
The collision occurred at approximately 12:30 a.m. on the night of August 28, 1988, on Alabama Point Bridge in Orange Beach, Alabama. At that time, construction work was *Page 144 
being done on the bridge. There was evidence that immediately before the collision, the appellant was traveling at a high rate of speed over the top of the bridge. The collision occurred near the end of the bridge when the appellant's pickup truck struck the rear of the station wagon occupied by the victims, Owen and Sarah McLean. Both victims were knocked out of their car. After hitting the rear of the victim's station wagon, the appellant's truck went through a chain link fence and across a parking lot and crashed into a motor home parked in a camper trailer park. Owen McLean died from "multiple blunt force injuries. He had injuries to most all parts of his body." Trial Record 249 (CR 91-280) (direct appeal). There was extensive damage to both vehicles. The appellant's blood-alcohol level was .14% three and one-half hours after the accident.
The appellant's defense was that the victims' station wagon was attempting to cross the highway and that it pulled out or turned in front of him.
After reviewing the transcript of the appellant's trial, we find that the appellant has failed to prove that a reasonable probability exists that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.
To obtain a reversal of a conviction based on the ineffective assistance of trial counsel, the defendant must prove: 1) that counsel's performance fell below an objective standard of reasonableness, and 2) that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v.Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 2064-65,2068, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. Here, we are convinced that had the trial court instructed the jury as requested, the result of the appellant's trial would not have been different. In various other situations, this court has recognized that defense counsel's failure either to request or to object to jury instructions, even if that failure is determined to be error, will not always constitute reversible error. See Cosby v. State, 627 So.2d 1057
(Ala.Cr.App. 1992) (cause remanded for hearing on claim of ineffective assistance of trial counsel based upon trial counsel's failure to object to allegedly improper jury instructions given by the trial court at the conclusion of the guilt and of penalty phases of the capital trial); Johnson v.State, 612 So.2d 1288, 1298 (Ala.Cr.App. 1992) (even if failure to request a felony murder instruction constitutes ineffective assistance, defendant failed to establish the prejudice component required by Strickland); Hubbard v. State,584 So.2d 895, 913 (Ala.Cr.App. 1991), cert. denied, ___ U.S. ___,112 S.Ct. 896, 116 L.Ed.2d 798 (1992) ("[e]ven if the trial judge's instruction was improper, given the evidence at trial, petitioner's counsel were not ineffective in not challenging this instruction"); Saffold v. State, 570 So.2d 727, 732
(Ala.Cr.App. 1990) (failure to request an instruction on the lesser included offense of criminal negligence did not render counsel's performance ineffective); Harrell v. State,526 So.2d 646, 652 (Ala.Cr.App.), cert. denied, 488 U.S. 934,109 S.Ct. 329, 102 L.Ed.2d 347 (1988) (failure to request a jury instruction as to knowledge that the victim was a police officer did not constitute ineffective assistance); Parker v.State, 510 So.2d 281, 286-88 (Ala.Cr.App. 1987) (failure to request instructions on the lesser included offenses of manslaughter and criminally negligent homicide was a tactical choice and did not constitute ineffective assistance).
By no flight of the imagination can we conclude under the facts of this case that had the trial court given every instruction requested by the appellant, the jury would have found him not guilty.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] The appellant complains of the refusal to give the following requested charges:
 No. 1: ". . . You are hereby instructed that manslaughter includes the offense of criminally negligent homicide in violation of Code of Alabama 32-5A-192 [sic]. I hereby charge you that a person commits the crime of criminally negligent homicide if he causes the death of another person or persons by criminal negligence. You are further instructed that a person acts with criminal negligence with respect to a result or to a circumstance which is defined by statute as an offense when he fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. That risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."
 No. 2: "In considering a charge of criminal negligence under the indictment in this case you are hereby instructed that if you are not satisfied beyond all reasonable doubt from the evidence in the case that Mr. Russo engaged in a risk of such nature and degree that his failure to perceive it constituted a gross deviation from the standard of care that a reasonable person would observe in the situation then you cannot find him guilty of criminally negligent homicide."
 No. 3: "You are hereby instructed that a gross deviation from the standard of care that a reasonable person would observe in the situation as I have used that term requires more than simple negligence. A gross deviation from that standard of care means that the carelessness must be aggravated, gross, or must imply an indifference to the consequences. In other words, gross negligence requires more than a simple failure to use ordinary care."
 No. 5: "Ladies and gentlemen, I have used the term gross deviation from the standard of conduct that a reasonable person would observe in a situation in defining both criminal negligence and manslaughter. The distinction and the distinguishing factor between those two offenses is that the charge of manslaughter requires proof that the actor knew of the risk and was aware of its substantial nature and none the less with knowledge of that risk disregarded it. On the other hand, when I have used that term in connection with criminal negligence, I have instructed you that the actor must fail to perceive that risk. In other words the risk must exist in either case but in order for the offense to be manslaughter the actor must know of the risk and consciously disregard it whereas in order to support the charge of criminal negligence it is only necessary for the State to prove that the actor failed to perceive that risk."
 No. 7: "I charge you, . . . that if you are not satisfied beyond all reasonable doubt from the evidence in this case that there was a substantial and unjustifiable risk of the deaths of Mr. and Mrs. McLean or that Mr. Russo failed to perceive such a risk, then you cannot find him guilty of criminally negligent homicide."
In connection with the charge of criminally negligent homicide, the trial court instructed the jury:
 "A person commits the crime of criminally negligent homicide if he causes the death of another person by criminal negligence.
 "Criminal negligence is distinguished from acting purposefully, knowingly or recklessly in that it does not involve a state of awareness. It is the case where the actor either creates inadvertently a risk of which he ought to be aware, considering its nature and degree, or finds himself facing a risk which he is unaware of even though he did not create it if he should have been aware of it.
 "Thus, the difference between the charge of criminally negligent homicide and the charge of manslaughter is that manslaughter is the doing of something recklessly. Criminally negligent homicide is the doing of a thing which the actor was not aware would create a substantial and unjustifiable risk of injury." C.R. 9-12 (CR 92-951); Trial Record 418-19 (CR 91-280) (direct appeal).
". . . .
 "The elements of that offense [criminally negligent homicide] are that the McLeans are dead and that Mr. Russo caused that death by operating his motor vehicle in a negligent fashion. Negligence as it relates to this charge, ladies and gentlemen, is that kind of conduct in which the defendant was unaware of a substantial and unjustifiable risk and acted without being aware that that risk existed when he should have been aware. Note that recklessly as it relates to manslaughter requires that the defendant be aware of and consciously disregard this risk. Criminally negligent homicide, on the other hand, requires that the risk exist but that the defendant simply not be aware of it when he should have been." C.R. 12 (CR 92-951); Trial Record 428 (CR 91-280) (original appeal). *Page 145