Don Lee Strickland appeals the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition sought relief from his December 11, 1996, conviction for theft of property in the first degree and his sentence to life in prison as a habitual felony offender. This court affirmed Strickland's conviction on direct appeal on June 20, 1997. Strickland v. State, 717 So.2d 900 (Ala.Cr.App. 1997) (table). The certificate of judgment was issued on July 8, 1997. Strickland's Rule 32 petition was timely filed on November 6, 1998.
Strickland presented two claims in his petition. He claimed that the trial court was without jurisdiction to render a judgment or to impose sentence in his case because, he says, the trial court's jury charge failed to define all the elements of theft of property in the first degree. Strickland also claimed that the trial court was without jurisdiction to render a judgment or to impose sentence because, he says, Strickland was denied effective assistance of counsel at both his trial and on appeal.
The basis for both claims was that the trial court failed to define "deprive," as that term is defined in § 13A-8-1(2), Ala. Code 1975, in its instructions to the jury. According to Strickland, the omission allowed the jury to convict him on less than all the elements required under § 13A-8-3, Ala. Code 1975. He cites Weeks v. State,611 So.2d 1156 (Ala.Cr.App. 1992), and Ainsworth v. State, 465 So.2d 467
(Ala.Cr.App. 1984), in support of his claims. In these cases convictions for theft of property in the first degree were reversed on direct appeal because the trial court had refused a requested jury instruction providing the statutory definition of "deprive" as found in §13A-8-1(2), Ala. Code 1975.
A hearing was conducted on Strickland's petition. Strickland was the only witness at the hearing. He testified that while he was on work release under the authority of the Department of Corrections, he had taken a Department of Corrections van without permission and had driven to Hanceville to see his grandchildren. Afterwards, he went to his nephew's house and telephoned the police to come get him. Upon this evidence he was convicted of theft of property in the first degree. He reasserted that the only basis for both his jurisdictional claim and his ineffective-assistance-of-counsel claim was that the jury was not given the statutory definition of the word "deprive." He stated that Weeks andAinsworth were reversed on direct appeal because of this error, but that his counsel did not object to the trial court's jury charge, and, thus, could not appeal based on this error. Strickland testified that he believed the outcome of his case would have been different had counsel made the proper objection to the charge. He believes the jury would have acquitted him had the term "deprive" been defined. He also believes that, based on Weeks and Ainsworth, the Court of Criminal Appeals would have reversed his conviction had counsel obtained an adverse ruling to a requested instruction defining "deprive." He stated that based on the evidence presented at trial, the jury would not have believed that he intended to keep the van, so as to "deprive" the Department of Corrections of it. In compliance with Rule 32.9(d), Ala.R.Crim.P., the trial court issued a written order finding, in pertinent part, the following:
 "5. There has been no credible evidence presented to this Court, or legal authority, that the Circuit Court of Talladega County, Alabama was without jurisdiction to render the judgment and impose the sentence. Therefore, this allegation is without merit and due to be denied. *Page 1125 
". . . .
 "9. In this case, the record is clear that the Defendant committed the theft of a motor vehicle while he was in the custody of the Department of Corrections and working in Talladega County, Alabama, at Caradale Lodge. The Defendant did not have permission to take the van and drive it to Hanceville, Alabama, where he was arrested without incident. The jury determined that he committed the crime of theft of property in the first degree and this Court specifically finds that even if `deprived' had been defined for the jury, the result would not have been different. The outcome of this case was not effected by the failure of counsel to request the definition of `deprive' and this Court believes that the failure not to request the definition of `deprive' was not an unprofessional error and counsel was not deficient and the Defendant not prejudiced."
R. 26-27.
Strickland appeals from the circuit court's ruling; he presents the same claims and arguments on appeal as he presented in his petition. He also claims that the circuit court erred in denying his Rule 32 petition because, he says, his claims are meritorious and entitle him to a new trial.
"The standard of review on appeal in a postconviction proceeding is whether the trial judge abused his discretion when he denied the petition. Ex parte Heaton, 542 So.2d 931 (Ala. 1989)." Elliot v. State,601 So.2d 1118, 1119 (Ala.Cr.App. 1992).
 I.
Strickland claims that the trial court was without jurisdiction to render a judgment or to impose sentence because, he says, the trial court failed to charge the jury on the definition of "deprive." The circuit court ruled that no credible evidence was presented showing that that court was without jurisdiction to render a judgment or to impose sentence. Thus, the circuit court ruled that this claim was meritless. The merits of this particular claim do not have to be determined. This substantive claim does not concern the jurisdiction of the trial court. "Failure to object to the trial court's instruction to the jury before the jury retires to deliberate waives any alleged error for review."Siler v. State, 705 So.2d 552, 558 (Ala.Cr.App. 1997). Claims that can be waived are not jurisdictional. See Lancaster v. State, 638 So.2d 1370,1374 (Ala.Cr.App. 1993) (Bowen, P.J., dissenting). This claim is precluded because it could have been, but was not, raised at trial and on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. If the circuit court's ruling is correct for any reason, it will be affirmed on appeal, even if the court assigns the wrong reason therefor. Hoobler v. State,668 So.2d 905, 908-09 (Ala.Cr.App. 1995).
 II.
Strickland claims that he was denied effective assistance of trial counsel and appellate counsel.[1] Strickland was represented by the same counsel at trial and on direct appeal. Where trial counsel also served as appellate counsel, claims of ineffective assistance of counsel are cognizable in a Rule 32, Ala.R.Crim.P., petition. Ex parteBesselaar, 600 So.2d 978, 979 (Ala. 1992). He claims trial counsel was ineffective because counsel did not object to the trial court's failure to instruct the jury on the definition of "deprive."
In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. *Page 1126 Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,80 L.Ed.2d 674 (1984).
In addition to the testimony from the Rule 32 proceedings, we take judicial notice of the following facts from the record on direct appeal.[2] Strickland was in the custody of the Department of Corrections and was working in Sylacauga in Talladega County at the Caradale Lodge, a part of Cheaha Regional Mental Health Mental Retardation Board, Inc., also known as the Cheaha Mental Health Center. On March 29, 1996, Strickland drove a van belonging to Cheaha Mental Health Center from Sylacauga to Hanceville, Alabama. Strickland and his supervisors testified that he did not have permission to drive the van to Hanceville. Strickland testified that he took the van so he could visit his grandchildren. He admitted that he could telephone his grandchildren and that they could visit him where he was housed in the custody of the Department of Corrections. However, he stated that the children were about to move to Tennessee and that he wanted to see them. After meeting with his grandchildren for about an hour at a Hardee's restaurant near Hanceville, he drove to his nephew's house in Hanceville, where he telephoned the police and told the police where he was. He sat on the front steps and waited for the police to arrive. Strickland testified that when he was waiting he was wearing his "prison whites," as he had all day. The arresting officer testified that Strickland identified himself when the officer arrived and that Strickland was very drunk. Strickland was arrested without incident.
"The theft of a motor vehicle, regardless of its value, constitutes theft of property in the first degree." § 13A-8-3(b), Ala. Code, 1975. However, in order to obtain a conviction for theft of property the State must prove that a person:
 "(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
 "(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property."
§ 13A-8-2, Ala. Code 1975.
Strickland correctly argues that the jury charge given in his case was almost identical to the charge given by the trial court in Weeks. The following charge was given in Strickland's case:
 "Now to convict the defendant, the state must prove beyond a reasonable doubt each of the following elements of the offense of theft of property in the first degree: One would be that the defendant, Don Lee Strickland, knowingly obtained — now, you will notice this is in the alternative where you say knowingly obtained or exerted unauthorized control over the vehicle of Cheaha Mental Health, more specifically the 1988 Dodge van; and, two, that the defendant acted with the intent to deprive the owner of its motor vehicle.
 "One acts with intent to deprive the owner or another of his property when he acts with the purpose of causing that result.
 "Now, a specific criminal intent is an essential element of the offense of theft. Now, you are going to want to know further what is intent or a person acts intentionally, and I further charge you that a person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his purpose is to cause that result or to engage in that conduct.
 "It is very rarely, ladies and gentlemen, that intent can be proved by direct evidence. So, it is proven by circumstantial evidence because it's a state of *Page 1127 
mind. It is resolve. It is a purpose. It is a mental operation that one has on that occasion, and, therefore, it is rarely capable of direct proof. You have a right as the triers of fact to look at all the surrounding facts and circumstances in this case and draw reasonable inferences and use your common sense and everyday understanding just to determine what the true intent of the defendant was on this particular occasion.
 "Now, you have heard the word `knowingly' utilized in the statute. And a person acts knowingly with respect to conduct or to a circumstance when he is aware that his conduct is of that nature or that the circumstance exists.
 "Now, you heard the words `obtains or exerts unauthorized control.' And remember that's in the alternative where the state's not under a burden of proving obtains and exerts unauthorized control, but they are under a burden to prove at least one of those as an element of this particular offense, along with the other elements that I previously charged you.
 "Now, the term `obtains or exerts unauthorized control' over property includes, but is not necessarily limited to the taking, the carrying away, or the sale, conveyance, or transfer of title to or interest in or possession of the property. And you will notice those are all in the alternatives where that word `obtains or exerts unauthorized control' is included, but is not limited to these things. So these are just certain instances: One will be the taking, another be the carrying away, another be the sale, another be a conveyance, another be the transfer of title or the interest in, or another be or possession of [sic]. And you will notice `or' in those things where you are not required to prove all of those things.
 "Now, if you find from the evidence in this particular case that the state has proved beyond a reasonable doubt each of the elements of the offense of theft of property in the first degree as charged in the indictment, then you shall find the defendant guilty of theft of property in the first degree.
 "If you find that the state has failed to prove beyond a reasonable doubt any one or more of the elements of the offense of theft of property in the first degree as charged in the indictment, then you shall find the defendant not guilty of theft of property in the first degree in this particular case."
(Rec. from direct appeal, pp. 149-52.)
After the jury deliberated for a short while, it sent a note to the trial court asking, "What does `intent' mean?" The trial court had the court reporter transcribe the instructions it had given the jury concerning intent, and the trial court read those instructions to the jury a second time.
In the present case the trial court defined "knowingly," "unauthorized control," and "intent" in its charge to the jury. The trial court did not define "deprive."
The statutory definition of "deprive" is found in § 13A-8-1(2), Ala. Code 1975, and states the following.
"To `deprive . . .' means:
 "a. To withhold property or cause it to be withheld from a person permanently or for such period or under such circumstances that all or a portion of its use or benefit would be lost to him; or
 "b. To dispose of the property so as to make it unlikely that the owner would recover it; or
 "c. To retain the property with intent to restore it to the owner only if the owner purchases or leases it back, or pays a reward or other compensation for its return; or
 "d. To sell, give, pledge, or otherwise transfer any interest in the property; or *Page 1128 
 "e. To subject the property to the claim of a person other than the owner."
In Weeks v. State, 611 So.2d 1158 (Ala.Cr.App. 1992), Weeks was convicted of theft of property in the first degree. His defense was that he was only "joyriding" in the automobile and that he had no intentions of keeping it. Unfortunately, he wrecked the vehicle and was apprehended before he could return it to the owner. He also alleged that he was intoxicated when he took the vehicle. This court reversed Weeks's conviction on direct appeal because the trial court refused to give the defense's requested jury charge defining the word "deprive." The trial court gave the following charge in Weeks:
 "`Now, as to the crime of Theft of Property 1st Degree. A Defendant is charged with Theft of Property in the 1st Degree: A person commits the crime of Theft of Property if he knowingly obtains or exerts unauthorized control over the property of another with the intent to deprive the owner of his property. The theft of a motor vehicle, regardless of its value, constitutes Theft of Property in the 1st Degree. To convict, the State must prove beyond a reasonable doubt each of the following elements of Theft of Property in the 1st Degree. One, that the Defendant, Gary Lynn Weeks, knowingly obtained or exerted unauthorized control over the motor vehicle of Paul Wright, more specifically, a 1971 Dodge Challenger. And, two, the Defendant acted with the intent to deprive the owner of his motor vehicle. One acts with intent to deprive another of his property when he acts with the purpose of causing that result. A person acts knowingly with respect to conduct or to a circumstance when he is aware that his conduct is of that nature or that the circumstance exists. The term `obtains or exercises unauthorized control over property' includes, but is not necessarily limited to the taking, carrying away or the sale, conveyance or transfer of title to or interest in the possession of property. And to prove theft, it is necessary to show an actual possession of the goods by the Defendant and the severance of the possession of the owner, no matter how short the length of time of possession may be. If you find from the evidence that the State has proved beyond a reasonable doubt that each of the above elements of the offense of Theft of Property in the 1st Degree as charged, then you shall find the Defendant guilty of — of Theft of Property in the 1st Degree. If you find that the State has failed to prove beyond a reasonable doubt any one or more of the elements of the offense of Theft of Property in the 1st Degree, then you cannot find the Defendant guilty of Theft of Property in the 1st Degree.' (Emphasis added.)"
Weeks, 611 So.2d at 1158 (emphasis in Weeks).
In reversing the conviction in Weeks, we ruled:
 "[T]he jury should have been charged by the court on the statutory definition of `deprive,' found in § 13A-8-1(2) [Ala. Code 1975)]. Without the definition, the jury could not reflect upon the `intent to deprive' as provided in the statute, § 13A-8-2, Code of Alabama 1975."
Weeks, 611 So.2d at 1159. In Ainsworth v. State, 465 So.2d 467
(Ala.Cr.App. 1984), Ainsworth was convicted of knowingly obtaining or exerting unauthorized control over a motor vehicle with the intent to deprive the owner of the motor vehicle, in violation of title 13A-8-3, Ala. Code 1975. The trial court refused to give the jury the charge defining "deprive" requested by the defense. We found:
 "It is clear that the statutory law set forth in defendant's requested Charge . . . was not covered in the Court's oral charge. Since Mitchell v. State, 210 Ala. 457, 98 So. 285 (1923), it has been uniformly held that it is the mandatory duty of a trial judge to instruct the jury orally on the different and distinguishing *Page 1129 
elements of the offense charged and that in the absence of such instructions from the court, the jury could not intelligently comply with their duty as jurors. Miller v. State, Ala.Cr.App., 405 So.2d 41, 48
(1981)."
Ainsworth, 465 So.2d at 471.
The only verdicts the jury could return in Strickland's case were either guilty of theft of property in the first degree or not guilty. By not defining "deprive," the court hurt Strickland's defense — that he did not intend to permanently withhold the car from its owner — and it allowed the jury to convict him for theft of property in the first degree without considering all the elements of the offense. Under the facts of this case, as in Weeks and Ainsworth, trial counsel should have requested a jury charge on the statutory definition of "deprived." This omission was prejudicial to Strickland and we conclude that the outcome of this case would not have been different had the jury had the term "deprive" defined for it. Strickland presented a meritorious claim that entitles him to relief. Therefore, we hold that the circuit court abused its discretion in denying Strickland relief on his claim of ineffective assistance of counsel. Accordingly, that portion of the circuit court's order denying Strickland relief on his ineffective-assistance-of-counsel claim is reversed and the case remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMillan, Baschab and Fry, JJ., concur. Long, P.J., dissents with opinion.
[1] Although Strickland refers to the inadequate performance of his trial and appellate counsel, he actually challenges only his trial counsel's performance. He acknowledges that appellate counsel could not raise claims on direct appeal that had not been preserved in the trial court. He refers to his trial counsel as his "trial and appellate counsel" because he was represented at trial and on appeal by the same person.
[2] The Court of Criminal Appeals can take judicial notice of its own records. Ex parte Salter, 520 So.2d 213, 216 (Ala.Cr.App. 1987).