MADDOX, Justice
(dissenting).
Don Lee Strickland was convicted of theft of property in the first degree. The *1130 Court of Criminal Appeals affirmed his conviction, without opinion, on June 20, •1997. Strickland v. State (No. CR-96-0518), 717 So.2d 900 (Ala.Crim.App.1997) (table). Strickland later filed in the circuit court a petition, pursuant to Rule 32, Ala. R.Crim. P., to vacate the judgment of conviction. The circuit court denied that petition. Strickland appealed. The Court of Criminal Appeals reversed. Strickland v. State, 771 So.2d 1123 (Ala.Crim.App.1999). The State has petitioned for certiorari review.
In his postconviction petition filed pursuant to Rule 32, Ala. R.Crim. P., Strickland claimed that the trial court had been without jurisdiction to render a judgment or to impose a sentence in his theft case because the trial court had failed to instruct the jury on all the elements necessary to constitute a theft. Specifically, he contended that his trial counsel had been ineffective in failing to object to the trial court’s failure to instruct the jury on the statutory definition of “deprive.” The Court of Criminal Appeals agreed with his argument, stating that he had presented a meritorious claim that his trial counsel had been ineffective. That court reversed the trial court’s judgment and remanded the case.
I would grant certiorari review to consider the decision of the Court of Criminal Appeals in light of this Court’s recent decision in Hagood v. State, [Ms. 1980414, November 5, 1999] — So.2d — (Ala.1999), in which this Court held that the trial court did not err in failing to instruct the jury on the statutory definition of the word “theft.”[1]
The trial court specifically found that ‘“[t]he jury determined that [Strickland] committed the crime of theft of property in the first degree and [found] that even if “deprived” had been defined for the jury, the result would not have been different.’ ” Strickland v. State, 771 So.2d at 1125. Based on the foregoing, I must respectfully dissent.
LYONS, J., concurs.

. Our decision in Hagood had not been released when the Court of Criminal Appeals decided this present case.