981 So.2d 1165 (2007)
Manuel Darwin NICKENS
v.
STATE of Alabama.
CR-06-0109.
Court of Criminal Appeals of Alabama.
March 2, 2007.
Rehearing Denied April 20, 2007.
*1166 Manuel Darwin Nickens, pro se.
Troy King, atty. gen., and Nancy M. Kirby, deputy atty. gen., for appellee.
BASCHAB, Presiding Judge.
On November 17, 2004, the appellant, Manuel Darwin Nickens, was convicted of first-degree theft of property. On December 10, 2004, the trial court sentenced him, as a habitual offender, to serve a term of thirty-three years in prison. See § 13A-5-9(c)(2), Ala.Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on October 14, 2005. See Nickens v. State, (CR-04-0525, July 15, 2005) 945 So.2d 1097 (Ala.Crim.App.2005) (table). On January 9, 2006, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The following statement of facts from the appellant's direct appeal[1] may be helpful to an understanding of this case:
"The evidence adduced at trial indicated the following. On July 20, 2004, between 9:00 p.m. and 9:15 p.m., Brian Williams parked his 2002 GMC pickup truck under a security light about 50 yards from his girlfriend's residence with the doors unlocked and the keys in a cup holder inside the truck. Williams left his checkbook and his cellular telephone inside the truck along with other articles. Approximately 30 to 45 minutes later, Williams exited his girlfriend's residence, discovered his truck was missing, and notified the police.
"Eric Robertson, a Cullman County Deputy Sheriff, testified that while on patrol the night of July 20, 2004, he noticed a vehicle that did not have a license plate, and he turned on his lights to stop the vehicle. The vehicle pulled into the driveway of a nearby residence, which was approximately 50 yards away from Williams's girlfriend's house. When the vehicle came to a stop, Deputy-Robertson saw a male subject exit the passenger side of the vehicle and enter the residence. Deputy Robertson later confirmed with the driver of the vehicle that the man was Nickens.
"After determining that Nickens had outstanding warrants, Deputy Robertson called for assistance. When the second officer arrived, the two entered the residence and discovered that Nickens had fled the residence through a back *1167 window. While searching a field behind the residence, Deputy Robertson received a call that someone was trying to break into a residence just 50 yards away. Deputy Robertson went to the residence and, while interviewing the owner of the home, received a call that a truck had been stolen from across the street. Deputy Robertson then went across the street and interviewed Williams about his missing truck.
"Jimmy Morrow, an investigator with the Cullman County Sheriffs Department who was assigned to investigate Williams's stolen truck, testified that Williams had provided him with telephone numbers that had been called from his cellular telephone after his truck had been stolen. Inv. Morrow telephoned those numbers and discovered that one of the calls had been made by Nickens.
"Nickens was arrested the next day. After Nickens was advised of his Miranda rights, Nickens agreed to give a statement in order to `help his restitution' as long as the statement was not recorded and he did not have to sign anything. (R. 48.) In his statement, Nickens said he was running from the police that night with a person he knew only as `Scott'; that Scott `scouted out the truck' (R. 49); and that he and Scott took the truck and drove it to a dead-end road. Nickens gave Inv. Morrow directions to the location of the truck, and the truck was later recovered and returned to Williams.
"In his defense, Nickens called Brandy Goodwin to testify. Goodwin testified that she knew Nickens and was in the residence where the vehicle carrying Nickens was pulled over. She said that Nickens had been in the residence with an individual named `Buff' before the vehicle was pulled over and before Nickens ran through the house and exited out a back window. She testified that `Buff' left with a girl and later returned alone in a white truck, matching the description of Williams's truck, looking for Nickens."
Nickens, supra.
The appellant argues that his trial counsel rendered ineffective assistance because he did not object when the trial court did not instruct the jury on the definition of the term "deprive" with regard to its instruction on first-degree theft of property. Specifically, he contends that, because the trial court did not instruct the jury on the definition of "deprive," the jury could not properly consider the element of his intent to deprive the victim of his property and that
"[t]he evidence at trial affirmatively proved that the vehicle in question was not disposed of for financial gain or damaged. The vehicle was essentially abandoned, which infers that [he] only utilized the vehicle to get away from law enforcement. Although [he] did not testify his statements to the court at sentencing clearly show there was no intent to permanently deprive the owner of his vehicle."
(Appellant's brief at p. 18.)
This court addressed a similar claim in Strickland v. State, 771 So.2d 1123, 1124-29 (Ala.Crim.App.1999), as follows:
"Strickland presented two claims in his petition. He claimed that the trial court was without jurisdiction to render a judgment or to impose sentence in his case because, he says, the trial court's jury charge failed to define all the elements of theft of property in the first degree. Strickland also claimed that the trial court was without jurisdiction to render a judgment or to impose sentence because, he says, Strickland was *1168 denied effective assistance of counsel at both his trial and on appeal.
"The basis for both claims was that the trial court failed to define `deprive,' as that term is defined in § 13A-8-1(2), Ala.Code 1975, in its instructions to the jury. According to Strickland, the omission allowed the jury to convict him on less than all the elements required under § 13A-8-3, Ala.Code 1975. He cites Weeks v. State, 611 So.2d 1156 (Ala.Cr. App.1992), and Ainsworth v. State, 465 So.2d 467 (Ala.Cr.App.1984), in support of his claims. In these cases convictions for theft of property in the first degree were reversed on direct appeal because the trial court had refused a requested jury instruction providing the statutory definition of `deprive' as found in § 13A-8-1(2), Ala.Code 1975.
"A hearing was conducted on Strickland's petition. Strickland was the only witness at the hearing. He testified that while he was on work release under the authority of the Department of Corrections, he had taken a Department of Corrections van without permission and had driven to Hanceville to see his grandchildren. Afterwards, he went to his nephew's house and telephoned the police to come get him. Upon this evidence he was convicted of theft of property in the first degree. He reasserted that the only basis for both his jurisdictional claim and his ineffective-assistance-of-counsel claim was that the jury was not given the statutory definition of the word `deprive.' He stated that Weeks and Ainsworth were reversed on direct appeal because of this error, but that his counsel did not object to the trial court's jury charge, and, thus, could not appeal based on this error. Strickland testified that he believed the outcome of his case would have been different had counsel made the proper objection to the charge. He believes the jury would have acquitted him had the term `deprive' been defined. He also believes that, based on Weeks and Ainsworth, the Court of Criminal Appeals would have reversed his conviction had counsel obtained an adverse ruling to a requested instruction defining `deprive.' He stated that based on the evidence presented at trial, the jury would not have believed that he intended to keep the van, so as to `deprive' the Department of Corrections of it.
"In compliance with Rule 32.9(d), Ala. R.Crim. P., the trial court issued a written order finding, in pertinent part, the following:
"`5. There has been no credible evidence presented to this Court, or legal authority, that the Circuit Court of Talladega County, Alabama was without jurisdiction to render the judgment and impose the sentence. Therefore, this allegation is without merit and due to be denied.
"`. . . .
"`9. In this case, the record is clear that the Defendant committed the theft of a motor vehicle while he was in the custody of the Department of Corrections and working in Talladega County, Alabama, at Caradale Lodge. The Defendant did not have permission to take the van and drive it to Hanceville, Alabama, where he was arrested without incident. The jury determined that he committed the crime of theft of property in the first degree and this Court specifically finds that even if "deprived" had been defined for the jury, the result would not have been different. The outcome of this case was not effected by the failure of counsel to request the definition of "deprive" and this Court believes that the failure not to request the definition of "deprive" was not an *1169 unprofessional error and counsel was not deficient and the Defendant not prejudiced.'
"R. 26-27.
". . . .
"Strickland claims that . . . trial counsel was ineffective because counsel did not object to the trial court's failure to instruct the jury on the definition of `deprive.'
"In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
"In addition to the testimony from the Rule 32 proceedings, we take judicial notice of the following facts from the record on direct appeal. Strickland was in the custody of the Department of Corrections and was working in Sylacauga in Talladega County at the Caradale Lodge, a part of Cheaha Regional Mental Health Mental Retardation Board, Inc., also known as the Cheaha Mental Health Center. On March 29, 1996, Strickland drove a van belonging to Cheaha Mental Health Center from Sylacauga to Hanceville, Alabama. Strickland and his supervisors testified that he did not have permission to drive the van to Hanceville. Strickland testified that he took the van so he could visit his grandchildren. He admitted that he could telephone his grandchildren and that they could visit him where he was housed in the custody of the Department of Corrections. However, he stated that the children were about to move to Tennessee and that he wanted to see them. After meeting with his grandchildren for about an hour at a Hardee's restaurant near Hanceville, he drove to his nephew's house in Hanceville where he telephoned the police and told the police where he was. He sat on the front steps and waited for the police to arrive. Strickland testified that when he was waiting he was wearing his `prison whites,' as he had all day. The arresting officer testified that Strickland identified himself when the officer arrived and that Strickland was very drunk. Strickland was arrested without incident.
"`The theft of a motor vehicle, regardless of its value, constitutes theft of property in the first degree.' § 13A-8-3(b), Ala.Code 1975. However, in order to obtain a conviction for theft of property the State must prove that a person:
"`(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
"`(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property.'
"§ 13A-8-2, Ala.Code 1975.
"Strickland correctly argues that the jury charge given in his case was almost identical to the charge given by the trial court in Weeks. The following charge was given in Strickland's case:
"`Now to convict the defendant, the state must prove beyond a reasonable doubt each of the following elements of the offense of theft of property in the first degree: One would be that the defendant, Don Lee Strickland, knowingly obtained  now, you will notice this is in the alternative where you say knowingly obtained or exerted unauthorized control over the vehicle of Cheaha Mental Health, more specifically the 1988 Dodge van; and, two, that the defendant acted with the *1170 intent to deprive the owner of its motor vehicle.
"`One acts with intent to deprive the owner or another of his property when he acts with the purpose of causing that result.
"`Now, a specific criminal intent is an essential element of the offense of theft. Now, you are going to want to know further what is intent or a person acts intentionally, and I further charge you that a person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his purpose is to cause that result or to engage in that conduct.
"`It is very rarely, ladies and gentlemen, that intent can be proved by direct evidence. So, it is proven by circumstantial evidence because it's a state of mind. It is resolve. It is a purpose. It is a mental operation that one has on that occasion, and, therefore, it is rarely capable of direct proof. You have a right as the triers of fact to look at all the surrounding facts and circumstances in this case and draw reasonable inferences and use your common sense and everyday understanding just to determine what the true intent of the defendant was on this particular occasion.
"`Now, you have heard the word "knowingly" utilized in the statute. And a person acts knowingly with respect to conduct or to a circumstance when he is aware that his conduct is of that nature or that the circumstance exists.
"`Now, you heard the words "obtains or exerts unauthorized control." And remember that's in the alternative where the state's not under a burden of proving obtains and exerts unauthorized control, but they are under a burden to prove at least one of those as an element of this particular offense, along with the other elements that I previously charged you.
"`Now, the term "obtains or exerts unauthorized control" over property includes, but is not necessarily limited to the taking, the carrying away, or the sale, conveyance, or transfer of title to or interest in or possession of the property. And you will notice those are all in the alternatives where that word "obtains or exerts unauthorized control" is included, but is not limited to these things. So these are just certain instances: One will be the taking, another be the carrying away, another be the sale, another be a conveyance, another be the transfer of title or the interest in, or another be or possession of [sic]. And you will notice "or" in those things where you are not required to prove all of those things.
"`Now, if you find from the evidence in this particular case that the state has proved beyond a reasonable doubt each of the elements of the offense of theft of property in the first degree as charged in the indictment, then you shall find the defendant guilty of theft of property in the first degree.
"`If you find that the state has failed to prove beyond a reasonable doubt any one or more of the elements of the offense of theft of property in the first degree as charged in the indictment, then you shall find the defendant not guilty of theft of property in the first degree in this particular case.'
"(Rec. from direct appeal, pp. 149-52.)
"After the jury deliberated for a short while, it sent a note to the trial court asking, `What does "intent" mean?' The *1171 trial court had the court reporter transcribe the instructions it had given the jury concerning intent, and the trial court read those instructions to the jury a second time.
"In the present case the trial court defined `knowingly,' `unauthorized control,' and `intent' in its charge to the jury. The trial court did not define `deprive.'
"The statutory definition of `deprive' is found in § 13A-8-1(2), Ala.Code 1975, and states the following.
"`To "deprive . . ." means:
"`a. To withhold property or cause it to be withheld from a person permanently or for such period or under such circumstances that all or a portion of its use or benefit would be lost to him; or
"`b. To dispose of the property so as to make it unlikely that the owner would recover it; or
"`c. To retain the property with intent to restore it to the owner only if the owner purchases or leases it back, or pays a reward or other compensation for its return; or
"`d. To sell, give, pledge, or otherwise transfer any interest in the property; or
"`e. To subject the property to the claim of a person other than the owner.'
"In Weeks v. State, 611 So.2d 1156 (Ala.Cr.App.1992), Weeks was convicted of theft of property in the first degree. His defense was that he was only `joyriding' in the automobile and that he had no intentions of keeping it. Unfortunately, he wrecked the vehicle and was apprehended before he could return it to the owner. He also alleged that he was intoxicated when he took the vehicle. This court reversed Weeks's conviction on direct appeal because the trial court refused to give the defense's requested jury charge defining the word `deprive.' The trial court gave the following charge in Weeks:

"`"Now, as to the crime of Theft of Property 1st Degree. A Defendant is charged with Theft of Property in the 1st Degree: A person commits the crime of Theft of Property if he knowingly obtains or exerts unauthorized control over the property of another with the intent to deprive the owner of his property. The theft of a motor vehicle, regardless of its value, constitutes Theft of Property in the 1st Degree. To convict, the State must prove beyond a reasonable doubt each of the following elements of Theft of Property in the 1st Degree. One, that the Defendant, Gary Lynn Weeks, knowingly obtained or exerted unauthorized control over the motor vehicle of Paul Wright, more specifically, a 1971 Dodge Challenger. And, two, the Defendant acted with the intent to deprive the owner of his motor vehicle. One acts with intent to deprive another of his property when he acts with the purpose of causing that result. A person acts knowingly with respect to conduct or to a circumstance when he is aware that his conduct is of that nature or that the circumstance exists. The term `obtains or exercises unauthorized control over property' includes, but is not necessarily limited to the taking, carrying away or the sale, conveyance or transfer of title to or interest in the possession of property. And to prove theft, it is necessary to show an actual possession of the goods by the Defendant and the severance of the possession of the owner, no matter how short the length of time of possession may be. If you find from the evidence *1172 that the State has proved beyond a reasonable doubt that each of the above elements of the offense of Theft of Property in the 1st Degree as charged, then you shall find the Defendant guilty of  of Theft of Property in the 1st Degree. If you find that the State has failed to prove beyond a reasonable doubt any one or more of the elements of the offense of Theft of Property in the 1st Degree, then you cannot find the Defendant guilty of Theft of Property in the 1st Degree." (Emphasis added.)'
"Weeks, 611 So.2d at 1158 (emphasis in Weeks).
"In reversing the conviction in Weeks, we ruled:
"`[T]he jury should have been charged by the court on the statutory definition of "deprive," found in § 13A-8-1(2) [(Ala.Code 1975)]. Without the definition, the jury could not reflect upon the "intent to deprive" as provided in the statute, § 13A-8-2, Code of Alabama 1975.'
"Weeks, 611 So.2d at 1159. In Ainsworth v. State, 465 So.2d 467 (Ala.Cr. App.1984), Ainsworth was convicted of knowingly obtaining or exerting unauthorized control over a motor vehicle with the intent to deprive the owner of the motor vehicle, in violation of title 13A-8-3, Ala.Code 1975. The trial court refused to give the jury the charge defining `deprive' requested by the defense. We found:
"`It is clear that the statutory law set forth in defendant's requested Charge . . . was not covered in the Court's oral charge. Since Mitchell v. State, 210 Ala. 457, 98 So. 285 (1923), it has been uniformly held that it is the mandatory duty of a trial judge to instruct the jury orally on the different and distinguishing elements of the offense charged and that in the absence of such instructions from the court, the jury could not intelligently comply with their duty as jurors. Miller v. State, Ala.Cr.App., 405 So.2d 41, 48 (1981).'
"Ainsworth, 465 So.2d at 471.
"The only verdicts the jury could return in Strickland's case were either guilty of theft of property in the first degree or not guilty. By not defining `deprive,' the court hurt Strickland's defense  that he did not intend to permanently withhold the car from its owner  and it allowed the jury to convict him for theft of property in the first degree without considering all the elements of the offense. Under the facts of this case, as in Weeks and Ainsworth, trial counsel should have requested a jury charge on the statutory definition of `deprived.' This omission was prejudicial to Strickland and we conclude that the outcome of this case would have been different had the jury had the term `deprive' defined for it. Strickland presented a meritorious claim that entitles him to relief. Therefore, we hold that the circuit court abused its discretion in denying Strickland relief on his claim of ineffective assistance of counsel."
(Footnote omitted.)
In this case, the State presented evidence that, after he was arrested, the appellant told Morrow
"that he was running from the police that night, that him and a buddy, he said he had a buddy that he only knew by Scott. He didn't know his last name. They were hiding in some weeds. Scott scouted out the truck, and he and Scott together went to the truck. And then Mr. Nickens stated that he drove the truck off from the residence it was parked at. And they took the truck  got away from the police and then *1173 parked it on a dead-end road down in the Trimble area."
(A.R. 49.) Also, the trial court instructed the jury as follows:
"The defendant is charged with theft of property in the first degree. A person commits the crime of theft of property if he knowingly obtains or exerts unauthorized control over the property of another with the intent to deprive the owner of his property. The theft of a motor vehicle, regardless of its value, constitutes theft of property in the first degree. To convict, the State must prove beyond a reasonable doubt each of the following elements of theft of property in the first degree.
"Number one  and there are two elements.
"No. 1. That the defendant, Manuel Darwin Nickens, knowingly obtained or exerted unauthorized control over a motor vehicle of Brian Christopher Williams, more specifically a 2002 GMC 4x4 250 pickup truck, four door, white in color, with vehicle identification number 1GTHK23122F213545.
"No. 2. That the defendant acted with the intent to deprive the owner of his motor vehicle.
"One acts with intent to deprive another of his property when he acts with the purpose of causing that result. A person acts knowingly with respect to conduct or to a circumstance when he is aware that his conduct is of that nature or that the circumstance exists.
"The term `obtains or exerts unauthorized control' over property includes but is not necessarily limited to the taking, carrying away, the sale, conveyance or transfer of title or interest in or possession of the property.
"Now, if you find from the evidence that the State has proved beyond a reasonable doubt each of the above elements of the offense of theft of property in the first degree as charged, then you shall find the defendant guilty of theft of property in the first degree.
"If you find that the State has failed to prove beyond a reasonable doubt any one or more of the elements of the offense of theft of property in the first degree, then you cannot find the defendant guilty and must acquit the defendant."
(A.R. 74-76.)
This case is not materially distinguishable from Strickland. The trial court's oral charge did not include an instruction on the definition of the term "deprive." Also, the record does not indicate that trial counsel requested that the trial court instruct the jury on the definition of the term "deprive" or objected when the trial court did not instruct the jury on the definition of the term "deprive." For the reasons stated in Strickland, trial counsel rendered ineffective assistance by not requesting that the trial court instruct the jury on the definition of the term "deprive" and not objecting when the trial court did not instruct the jury on the definition of the term "deprive."[2] Therefore, the circuit *1174 court erred when it denied the appellant's Rule 32 petition. Accordingly, we reverse the circuit court's judgment and remand this case for proceedings that are consistent with this opinion.[3]
REVERSED AND REMANDED.
McMILLAN, WISE, and WELCH, JJ., concur; SHAW, J., dissents, with opinion.
SHAW, JUDGE, dissenting.
I agree with the majority that if this case is not materially distinguishable from Strickland v. State, 771 So.2d 1123 (Ala. Crim.App.1999), then, based on that case, the circuit court's judgment is due to be reversed and the appellant granted the relief he seeks. However, I cannot agree, at this point, that this case is necessarily indistinguishable from Strickland.
In Strickland, this Court had before it testimony taken at the Rule 32 hearing and took judicial notice of the following facts from the record on direct appeal:
"Strickland was in the custody of the Department of Corrections and was working in Sylacauga in Talladega County at the Caradale Lodge, a part of Cheaha Regional Mental Health Mental Retardation Board, Inc., also known as the Cheaha Mental Health Center. On March 29, 1996, Strickland drove a van belonging to Cheaha Mental Health Center from Sylacauga to Hanceville, Alabama. Strickland and his supervisors testified that he did not have permission to drive the van to Hanceville. Strickland testified that he took the van so he could visit his grandchildren. He admitted that he could telephone his grandchildren and that they could visit him where he was housed in the custody of the Department of Corrections. However, he stated that the children were about to move to Tennessee and that he wanted to see them. After meeting with his grandchildren for about an hour at a Hardee's restaurant near Hanceville, he drove to his nephew's house in Hanceville, where he telephoned the police and told the police where he was. He sat on the front steps and waited for the police to arrive. Strickland testified that when he was waiting he was wearing his `prison whites,' as he had all day. The arresting officer testified that Strickland identified himself when the officer arrived and that Strickland was very drunk. Strickland was arrested without incident."
771 So.2d at 1126.
This Court held in Strickland that "[b]y not defining `deprive,' the Court hurt Strickland's defense  that he did not intend to permanently withhold the [van] from its owner  and it allowed the jury to convict him for theft of property in the first degree without considering all the elements of the offense." 771 So.2d at 1129. This Court concluded that there was a reasonable probability that the outcome of the case would have been different had the jury been given the definition of the term "deprive." In my view, our holding in Strickland was based on the particular facts of that case  which clearly indicated that Strickland took, but never intended to keep, the van  and on Strickland's specific defense at trial  that although he did knowingly obtain or exert *1175 unauthorized control over the vehicle, he did not intend to deprive the owner of the vehicle.
In the present case, however, the facts surrounding the appellant's taking of the truck are not as compelling as those that formed the basis for our holding in Strickland and the record on direct appeal here is not clear as to the appellant's defense. The direct-appeal record here indicates that the appellant did not inform the police as to the location of the stolen truck until after he was arrested, and he did so then only to "help his restitution." Furthermore, the direct-appeal record indicates that, unlike Strickland, the appellant did not testify at trial; instead, he called one witness in his defense, Brandy Goodwin, whose testimony suggests that, notwithstanding his confession, the appellant's defense was that he took no part in the theft of the truck, i.e., that he did not knowingly obtain or exert unauthorized control over the truck, not that he did not intend to deprive the victim of his truck, as was the case in Strickland. The direct-appeal record does not contain opening or closing statements and, other than the appellant's single witness, does not otherwise indicate whether the appellant may have conceded the intent issue upon a finding that he participated in the taking of the truck or whether he also took the alternative position that, even if he did participate in the taking of the truck, he did not intend to deprive the victim of his truck. For all we know at this point, the appellant's counsel may have made a strategic decision to forcefully argue that the appellant did not participate in the taking of the truck and may have felt that making the alternative argument weakened his case in the eyes of the jury.
Given the state of the direct-appeal record in this case, reversal of the appellant's conviction at this stage, after summary dismissal, is premature. Ineffective-assistance-of-counsel claims under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), are almost always fact specific. A court deciding a claim of ineffective assistance of counsel must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. In various contexts, this Court has recognized that defense counsel's failure either to request or to object to jury instructions, even if that failure is determined to be error, will not always constitute reversible error. See, e.g., Russo v. State, 630 So.2d 142 (Ala.Crim.App.1993), and the cases cited therein; see also Ex parte Hagood, 777 So.2d 214 (Ala.1999) (cited by Justice Maddox in his dissent to the denial of certiorari review in Ex parte Strickland, 771 So.2d 1129 (Ala.2000)). The appellant has the burden under Rule 32.3, Ala.R.Crim.P., to prove that he is entitled to postconviction relief and Rule 32, Ala.R.Crim.P., sets out the process by which he may be allowed the opportunity to meet that burden. Instead of applying a per se rule of reversal at this stage, which, I believe, is inconsistent with Russo, supra, I would remand this case under Rule 32.9, Ala.R.Crim.P.,[4] and afford the appellant the opportunity to present any evidence that he may have in support of his ineffective-assistance-of-counsel claim. The circuit court should be given the first opportunity to determine whether the appellant argued at trial that he lacked the intent to deprive the victim of his truck and, thus, whether counsel's failure to request an instruction defining the word "deprive" for the jury constituted deficient *1176 performance and whether, based on the particular facts of this case, there is a reasonable probability that the outcome would have been different even if the jury had been instructed on the definition of the term "deprive."
For the foregoing reasons, I respectfully dissent.
NOTES
[1] We have taken judicial notice of the record from the appellant's direct appeal. See Nettles v. State, 731 So.2d 626 (Ala.Crim.App. 1998).
[2] The dissent focuses primarily on whether the appellant proved that his theory of defense was harmed by the fact that counsel did not request a definition of the term "deprive." However, in Strickland and Weeks, this court emphasized the fact that, without a proper definition of the term "deprive," the jury would not have been able to properly consider each and every element of the offense charged and would not have been able to properly perform its duty. Further, the State presented evidence  the appellant's statement to law enforcement authorities  from which the jury, if it had been properly instructed, could have reasonably concluded that the appellant did not intend to deprive the victim of his vehicle. Therefore, regardless of his theory of defense at trial, the appellant has satisfied his burden of establishing that the fact that counsel did not request an instruction on the definition of the term "deprive" constituted deficient performance and prejudiced him. Accordingly, a remand to ascertain his defense at trial would be fruitless.
[3] Because of our disposition with regard to this claim, we pretermit discussion of the remaining claims the appellant raises in his brief to this court.
[4] Despite the State's contention to the contrary, the appellant's claim satisfied the pleading requirements in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P.