I agree with the majority that if this case is not materially distinguishable from Strickland v. State,771 So.2d 1123 (Ala.Crim.App. 1999), then, based on that case, the circuit court's judgment is due to be reversed and the appellant granted the relief he seeks. However, I cannot agree, at this point, that this case is necessarily indistinguishable from Strickland.
In Strickland, this Court had before it testimony taken at the Rule 32 hearing and took judicial notice of the following facts from the record on direct appeal:
 "Strickland was in the custody of the Department of Corrections and was working in Sylacauga in Talladega County at the Caradale Lodge, a part of Cheaha Regional Mental Health Mental Retardation Board, Inc., also known as the Cheaha Mental Health Center. On March 29, 1996, Strickland drove a van belonging to Cheaha Mental Health Center from Sylacauga to Hanceville, Alabama. Strickland and his supervisors testified that he did not have permission to drive the van to Hanceville. Strickland testified that he took the van so he could visit his grandchildren. He admitted that he could telephone his grandchildren and that they could visit him where he was housed in the custody of the Department of Corrections. However, he stated that the children were about to move to Tennessee and that he wanted to see them. After meeting with his grandchildren for about an hour at a Hardee's restaurant near Hanceville, he drove to his nephew's house in Hanceville, where he telephoned the police and told the police where he was. He sat on the front steps and waited for the police to arrive. Strickland testified that when he was waiting he was wearing his `prison whites,' as he had all day. The arresting officer testified that Strickland identified himself when the officer arrived and that Strickland was very drunk. Strickland was arrested without incident."
771 So.2d at 1126.
This Court held in Strickland that "[b]y not defining `deprive,' the Court hurt Strickland's defense — that he did not intend to permanently withhold the [van] from its owner — and it allowed the jury to convict him for theft of property in the first degree without considering all the elements of the offense." 771 So.2d at 1129. This Court concluded that there was a reasonable probability that the out-come of the case would have been different had the jury been given the definition of the term "deprive." In my view, our holding in Strickland was based on the particular facts of that case — which clearly indicated that Strickland took, but never intended to keep, the van — and on Strickland's specific defense at trial — that although he did knowingly obtain or exert *Page 1175 
unauthorized control over the vehicle, he did not intend to deprive the owner of the vehicle.
In the present case, however, the facts surrounding the appellant's taking of the truck are not as compelling as those that formed the basis for our holding in Strickland
and the record on direct appeal here is not clear as to the appellant's defense. The direct-appeal record here indicates that the appellant did not inform the police as to the location of the stolen truck until after he was arrested, and he did so then only to "help his restitution." Furthermore, the direct-appeal record indicates that, unlike Strickland, the appellant did not testify at trial; instead, he called one witness in his defense, Brandy Goodwin, whose testimony suggests that, notwithstanding his confession, the appellant's defense was that he took no part in the theft of the truck, i.e., that he did not knowingly obtain or exert unauthorized control over the truck, not that he did not intend to deprive the victim of his truck, as was the case inStrickland. The direct-appeal record does not contain opening or closing statements and, other than the appellant's single witness, does not otherwise indicate whether the appellant may have conceded the intent issue upon a finding that he participated in the taking of the truck or whether he also took the alternative position that, even if he did participate in the taking of the truck, he did not intend to deprive the victim of his truck. For all we know at this point, the appellant's counsel may have made a strategic decision to forcefully argue that the appellant did not participate in the taking of the truck and may have felt that making the alternative argument weakened his case in the eyes of the jury.
Given the state of the direct-appeal record in this case, reversal of the appellant's conviction at this stage, after summary dismissal, is premature. Ineffective-assistance-of-counsel claims under Stricklandv. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984), are almost always fact specific. A court deciding a claim of ineffective assistance of counsel must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. In various contexts, this Court has recognized that defense counsel's failure either to request or to object to jury instructions, even if that failure is determined to be error, will not always constitute reversible error. See, e.g.,Russo v. State, 630 So.2d 142 (Ala.Crim.App. 1993), and the cases cited therein; see also Ex parte Hagood,777 So.2d 214 (Ala. 1999) (cited by Justice Maddox in his dissent to the denial of certiorari review in Ex parteStrickland, 771 So.2d 1129 (Ala. 2000)). The appellant has the burden under Rule 32.3, Ala.R.Crim.P., to prove that he is entitled to postconviction relief and Rule 32, Ala.R.Crim.P., sets out the process by which he may be allowed the opportunity to meet that burden. Instead of applying a per se rule of reversal at this stage, which, I believe, is inconsistent withRusso, supra, I would remand this case under Rule 32.9, Ala.R.Crim.P., [4] and afford the appellant the opportunity to present any evidence that he may have in support of his ineffective-assistance-of-counsel claim. The circuit court should be given the first opportunity to determine whether the appellant argued at trial that he lacked the intent to deprive the victim of his truck and, thus, whether counsel's failure to request an instruction defining the word "deprive" for the jury constituted deficient *Page 1176 
performance and whether, based on the particular facts of this case, there is a reasonable probability that the outcome would have been different even if the jury had been instructed on the definition of the term "deprive."
For the foregoing reasons, I respectfully dissent.
[4] Despite the State's contention to the contrary, the appellant's claim satisfied the pleading requirements in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P.